Grafton,
No. 4926.

WALTER H. MAGOON

*v.*

NEW ENGLAND POWER CO. & a.

Argued June 6, 1961.
Decided June 30, 1961.

*Walter H. Magoon, pro se* (orally), for the plaintiff.

*Cotton, Tesreau & Stebbins* and *William R. Johnson* (*Mr. Johnson* orally), for the defendants.

BLANDIN, J. As the result of an injury received on July 2, 1952, while working for the defendant New England Power Company, the plaintiff was paid compensation for forty-nine weeks at the

rate of $30 per week by the defendant Travelers Insurance Company. Thereafter, the insurance company having stopped payments, the plaintiff petitioned the Superior Court for additional compensation under RSA 281:37 and received an award by decree dated February 15, 1955. As a result of this, a lump sum was paid to him representing back amounts found due, and thereafter he received $6.66 per week through April 7, 1958.

Meanwhile, the plaintiff, through his competent attorney filed a petition under RSA 281:40 (supp) for a review and modification of the Superior Court award, alleging mistake by the Court as to the nature and extent of his injury. A hearing was held on April 26, 1956 before the defendant Commissioner of Labor, at which the plaintiff, through his attorney, introduced the testimony of Dr. H. E. Pratt. The Commissioner found that the plaintiff was not entitled to any modification of the Superior Court award.

The plaintiff then appealed *pro se* to the Superior Court under RSA 281:40 (supp). After a hearing, the appeal was dismissed by a decree dated January 23, 1957, from which no appeal was taken. It is this hearing the plaintiff now seeks to reopen. Thereafter he filed numerous petitions with the Superior Court and the Commissioner of Labor, all of which were dismissed and from which he took no appeal.

The record thus discloses that the plaintiff has been before the Court and the Commissioner of Labor many times and has had two full hearings, one before the Commissioner and one before the Superior Court, upon the question of whether there was any error in the original award of the Court made on February 15, 1955, or whether it should be modified under RSA 281:40 (supp). In this connection it should be noted that he has never claimed any change in his condition, but rather that the Court erred in its original conclusion. The decision before each tribunal since February 15, 1955 in every instance has been adverse to the plaintiff.

In regard to the issue now before us, as to whether the hearing upon which the decree of January 23, 1957 was based should be reopened, the petition is in effect for a new trial (*Watkins* v. *Railroad*, 80 N. H. 468, 471, 472), and the Court has found that the "new medical evidence" upon which the plaintiff grounds his petition is not newly discovered evidence in any sense of the word. This testimony of Dr. Pratt was all introduced at the hearing before the Commissioner of Labor in 1956 and it appears to have been available to the plaintiff ever since. It therefore furnishes no sufficient

reason to reopen the case. *Perley* v. *Roberts*, 91 N. H. 254; see also, *Willey* v. *Harrower*, 97 N. H. 373, 374.

In addition this petition was filed three years and six months after the decree of January 23, 1957, from which he took no appeal. RSA 526:4 provides: "A new trial shall not be granted unless the petition is filed within three years after the rendition of the judgment complained of, or the failure of the suit." Final judgment having been entered on the 1957 decree, relief is barred by the unequivocal provisions of the statute. *Hobbs* v. *Whidden*, 27 N. H. 386; see *Therrien* v. *Company*, 99 N. H. 137, 139-140.

While meticulous care should be exercised that all be afforded every opportunity which the law provides to fully present their cases before the courts and other proper tribunals, justice demands that when this has been accomplished there be an end to litigation. *Balcus* v. *Company*, 94 N. H. 270.

The present circumstances are clearly unlike those in the case of *Croteau* v. *Harvey & Landers*, 99 N. H. 264. There the matter had not gone to final judgment and the statutory period had not elapsed.

In summary, we now have before us a situation where the plaintiff has been given repeated opportunities to prove his claims and could have been represented by counsel had he not preferred to represent himself at all times since January 1957. On the entire record, we hold as a matter of law that a further hearing would not be equitable. *Perley* v. *Roberts*, 91 N. H. 254. We also hold that the Court has no discretion to reopen the hearing of January 23, 1957, under RSA 526:4. *Hobbs* v. *Whidden*, 27 N. H. 386.

The conclusion reached renders unnecessary consideration of other issues and the order is

*Petition dismissed.*

All concurred.