44083. VIVIAN v. LIBERTY MUTUAL INSURANCE COMPANY et al.

Argued January 6, 1969—Decided February 5, 1969.

160

*Albert P. Feldman,* for appellant.

*Greene, Buckley, DeRieux, Moore & Jones, James H. Moore,* for appellees.

FELTON, Chief Judge. "An agreement to pay compensation for the total temporary loss of use of a specific member is res judicata as to the degree of disability and the amount of compensation due the employee until such time as it is changed in a manner provided by law." *Gentry v. Ga. Cas. &c. Co.,* 107 Ga. App. 888 (131 SE2d 788), and cit. "The obligation to pay workmen's compensation under an approved agreement contin-

ues until, (1) full payment has been made of all compensation provided by the agreement or, (2) a subsequent award is made by the board based on some change in the claimant's physical condition or, (3) a new agreement based on some change in the claimant's physical condition is entered into and is approved by the board." *Simpson v. Travelers Ins. Co.*, 117 Ga. App. 43 (1) (159 SE2d 294). The record in this case shows that full payment (for 225 weeks, based on total temporary loss of use of the leg) had not been made of all compensation provided by the agreement, nor was there any later agreement for compensation. The award made by the board based on some change in the claimant's physical condition cannot be made retroactive to a time before the application for hearing on a change in condition was filed and, although the employer may be permitted to stop making compensation payments after filing such application and although its liability *from the date of the application* will depend upon the final determination after the hearing of the claimant's physical condition *as of the time of the filing of such application,* its liability *before the date it files such application* cannot be altered. *Crowe v. Quilted Textile Corp.*, 113 Ga. App. 68 (147 SE2d 340), and citations. There is no provision of law for the allowing of credit to the employer for payments of compensation made pursuant to an approved agreement when it is determined, upon a change in condition hearing, that the claimant's actual disability, between the time of the execution of the agreement and the filing of the application for the hearing, had decreased, so as to be less than that specified by the agreement, for the compensation for which the employer is unconditionally liable. Hence, the board was correct in its finding that "all matters" prior to the filing of the application for a hearing based on a change in condition were res judicata, but, in allowing credit toward any liability which might be determined subsequently to the application for hearing for payments already made under the agreement prior to the application, the board overlooked the fact that the agreement was res judicata of the employer's liability for the amount of compensation therein stipulated, regardless of the degree of disability which

may be found to have existed subsequently to the filing of the application.

The trial court erred in its judgment sustaining the award of the board, which judgment is hereby reversed with direction to the court to remand the case to the full board of the State Board of Workmen's Compensation for the purpose of entering an award in accordance with the above opinion.

*Judgment reversed with direction. Pannell and Quillian, JJ., concur.*