Hillsborough
No. 84-163

RONALD COULOMBE

v.

NOYES TIRE COMPANY & a.

November 30, 1984

*Moquin and Daley*, of Manchester (*Richard C. Moquin* on the brief and orally), for the plaintiff.

*James S. Yakovakis*, of Manchester, by brief and orally, for the defendant.

BROCK, J.   In this appeal, the plaintiff, Ronald Coulombe, seeks to reverse a decision of the Superior Court (*Wyman*, J.) upholding the labor commissioner's denial of a claim for disability benefits. Because we agree that the plaintiff's claim is barred by RSA 281:40, we affirm.

On May 25, 1971, Ronald Coulombe, an employee of Noyes Tire Company, suffered traumatically induced epilepsy as a result of a work related accident. He received weekly compensation for total and partial disability, RSA 281:23, :25, as well as an award for permanent impairment, RSA 281:26. By September 26, 1974, his condition had improved to the extent that he was able to return to work, and disability benefits ceased. Plaintiff continued to receive medical benefits, however, under RSA 281:21.

In August, 1982, Mr. Coulombe again suffered recurring and uncontrollable seizures, which rendered him temporarily totally disabled. His claim for disability benefits was denied by the defendant compensation carrier, which cited RSA 281:40 as a complete bar because more than four years had passed since plaintiff had last received a disability payment. Plaintiff requested a hearing before the labor commissioner, who ruled in favor of the compensation carrier. He then appealed to the superior court, which upheld the decision of the labor commissioner.

RSA 281:40 provides, in relevant part, that: "[a]ny party in interest, in respect of an injury occurring after July 1, 1965, may petition the labor commissioner to review a denial or an award by such commissioner of compensation made pursuant to RSA 281:36, by a petition filed with such commissioner not later than the fourth anniversary of the date of such denial or the last payment of compensation . . . ."

Plaintiff argues that RSA 281:40 applies only to the modification of awards and that therefore the statute does not give the commissioner the power to reinstate benefits. We disagree. In 1961, the legislature changed the title of RSA 281:40 (originally "Modification of Award; Effect") to read "Review of Eligibility for Compensation."

Laws 1961, 194:16. The statute itself refers to a "change in condition" or a denial of an award, as a basis for petition to the labor commissioner. Also, this court has referred to RSA 281:40 as a statute of limitations in cases involving reinstatement of benefits, even though the statute does not specifically refer to reinstatement. *Appeal of Cloutier Lumber Co.*, 121 N.H. 420, 431 A.2d 112 (1981).

■ It should also be noted that while no actual award was made by the labor commissioner in the present case, an agreement between an insurance carrier and an injured party that benefits are payable has the same legal effect as an award for purposes of interpreting the statute. *See Prassas v. J. F. McElwain Co.*, 100 N.H. 209, 123 A.2d 157 (1956).

■ Finally, plaintiff contends that since he still receives medical benefits, the statute of limitations has not tolled. The legislature specifically included a provision in the statute that "[t]his section shall have no application to requests for extensions of medical and hospital benefits . . . ." The legislative purpose underlying this language is to make a distinction between disability and medical benefits, and we find no reason to question the validity of such a distinction.

■ While one can be sympathetic to the plight in which the plaintiff finds himself in this case, RSA 281:40 bars the reinstatement of disability benefits when more than four years have elapsed since the receipt of the last of those benefits.

*Affirmed.*

All concurred.