Cheshire
No. 88-382

TROY JOHNSON

v.

AETNA LIFE AND CASUALTY CO.

June 13, 1989

*Goodnow, Arwe, Ayer, Prigge & Wrigley P.C.*, of Keene (*Joseph S. Hoppock* on the brief and orally), for the plaintiff.

*Sulloway Hollis & Soden*, of Concord (*James E. Owers* on the brief and orally), for the defendant.

JOHNSON, J. The plaintiff, Troy Johnson, appeals from a decision of the Superior Court (*Hollman*, J.) dismissing his appeal from a decision of the State Department of Labor. We reverse and remand.

On June 26, 1984, the plaintiff, Troy Johnson, who owned and operated a tree service business in Keene, was injured in a work-related accident. Thereafter he began to receive temporary total

disability benefits from the defendant, Aetna Life and Casualty Co. (Aetna), for this injury. In September 1985, Aetna requested permission to place Mr. Johnson on the diminished earning capacity rate. The change from the temporary total disability rate to the diminished earning capacity rate would reduce the benefits paid Mr. Johnson from $418 per week to $344.85 per week. The request was supported by a medical report which opined that although Mr. Johnson could not perform the outdoor activities associated with his business, he nevertheless had light duty work capabilities, and could thus perform the clerical duties associated with his occupation.

On October 3, 1985, the State Department of Labor (the Department), without holding a hearing, granted Aetna permission to place Mr. Johnson on the diminished earning capacity rate. *See* RSA 281:40. The Department notified Mr. Johnson of its decision and advised him of his right to request a hearing. Payments at the reduced rate commenced November 6, 1985.

On November 26, 1985, Mr. Johnson's counsel below requested a hearing to contest this reduction in the rate of compensation. Following a hearing held on March 17, 1986, the Department concluded in a decision dated April 15, 1986, that "the claimant continues to have light duty work capabilities [and,] [t]herefore, shall continue to receive the diminished earnings capacity rate." In its letter informing Mr. Johnson's counsel of its decision, the Department advised him of Mr. Johnson's right to appeal the decision to the superior court within thirty days. *See* RSA 281:37, I. No appeal was taken, and the decision became final thirty days thereafter. *See* RSA 281:37, II; N.H. ADMIN. RULES, Lab 203.08.

On June 3, 1987, counsel for the plaintiff requested the Department to reinstate the temporary total disability rate, and asked that such rate be made retroactive to November 6, 1985, the date benefits had been reduced. The reduction from the temporary total disability rate to the diminished earning capacity rate, according to Mr. Johnson's counsel, "was in error in light of the new medical evidence," which consisted of several medical opinions and reports. The Department held a hearing on May 31, 1988, and issued an order dated June 17, 1988, which stated, *inter alia*, that "the claimant is temporarily disabled effective May 31, 1988. Consequently, he is entitled to temporary total disability benefits commencing May 31, 1988 and [such benefits] shall continue into the future." The Department found, as well, that "the claimant failed to meet his burden of proof [that] he was totally disabled prior to May 31, 1988." The decision stated that the determination

regarding the extent of disability could be appealed to the superior court within thirty days.

On June 27, 1988, Mr. Johnson filed a timely appeal in the superior court requesting the difference between the temporary total disability benefits rate and the diminished earning capacity rate for the period November 6, 1985, to May 31, 1988. Aetna filed a motion to dismiss that appeal on August 1, 1988, which was granted following a hearing. In its decision dated September 7, 1988, the superior court held:

"The claim made by plaintiff in this appeal . . . is in effect the same claim which the Department of Labor denied in its decision dated April 1[5], 1986. . . .

Having failed to appeal the . . . decision of the Department of Labor within the 30 day period provided in RSA 281:37 or to petition the Superior Court to be allowed an appeal within the 1 year provided in RSA 281:42, the plaintiff is not entitled to have his claim considered now."

Accordingly, the superior court granted the defendant's motion to dismiss. This appeal followed.

On appeal, Mr. Johnson argues that the superior court erred in dismissing his appeal on the ground that the res judicata effect accorded to the Department's decision of April 15, 1986, barred adjudication of the issue of retroactivity which was now before the court. He argues that if the Department's decision of June 17, 1988, increasing his award, is supported by a "change in conditions," *see* RSA 281:40, the increased rate should be made retroactive to the date when the change occurred. According to Mr. Johnson, the superior court should be required to hold a hearing to determine whether he can meet the burden of proving that the change occurred prior to May 31, 1988. Aetna, on the other hand, argues that this court should affirm the dismissal because RSA 281:40, which provides for the reopening of a final Department decision on a number of grounds, does not permit retroactive relief when the basis for that relief is a "change in conditions."

For the reasons which follow, we hold that the superior court erred in dismissing the appeal, and we therefore remand the case. We agree with plaintiff's contention that the superior court must determine whether a "change in conditions" occurred before dismissing the case, because we hold that if a "change in conditions" justifies the increase in rate, the court should grant an award which is retroactive to the date the change in conditions occurred, but not

before June 3, 1987, the date when Mr. Johnson requested the Department to review the earlier award.

RSA 281:40 allows a final decision of the Department to be reopened and reviewed upon the filing of a petition by a party in interest "not later than the fourth anniversary of the date of [a] denial [of compensation] or the last payment of compensation . . . upon the ground of a change in conditions, mistake as to nature or extent of the injury or disability, fraud, undue influence or coercion." Although the Department did not explicitly state the ground on which its decision of June 17, 1988, to allow temporary disability benefits was based, the plaintiff does not on appeal allege mistake, fraud, undue influence or coercion. Rather, he claims that the trial court erred first, in failing to determine whether the facts support a modification of the award based on a "change in conditions," and second, if they do, to award retroactive benefits as of the date the "change in conditions" occurred. We therefore address only the issue of whether an award modified because of a "change in conditions" can be made retroactive.

 The superior court dismissed the plaintiff's appeal on the ground that the April 15, 1986 decision by the Department had already found that Mr. Johnson had "light duty work capabilities." The decision of that date was "an adjudication as to the condition of the injured workman at the time it [was] entered," *see Morin v. J. H. Valliere Co.*, 113 N.H. 431, 434, 309 A.2d 153, 155 (1973). Thus the doctrine of res judicata bars relitigation of Mr. Johnson's condition as of April 15, 1986, although it does not bar adjudication of his condition after that date. *See id.* We note, as well, that modification based on a "change in conditions" requires that the condition has *changed*. Evidence showing a bettering or worsening of a physical condition can justify modification based on a "change in conditions"; evidence disputing the correctness of an earlier award cannot justify modification on that ground. *See* 3 A. LARSON, WORKMEN'S COMPENSATION LAW §§ 81.32(a), 81.33(a) (1989). Thus, when an award is modified based on a "change in conditions," the correction cannot be made retroactive to the date of the earlier decision. *See* 4 A. LARSON, WORKMEN'S COMPENSATION LAW § 81.52(d) (1989).

In order to determine whether New Hampshire's Workers' Compensation Law permits Mr. Johnson to prove that his change in conditions had occurred as of a date between April 15, 1986, the date of the earlier Department decision, and May 31, 1988, the date of the hearing on the petition to reopen, and thus to collect increased payments for all or some of that period, we examine RSA

chapter 281 in greater detail. We note that although RSA chapter 281 has been repealed by Laws 1988, 194:3, eff. July 1, 1989, it was in force at the time of the superior court decision. RSA 281:40, which allows for the modification of an earlier award, does not explicitly allow or prohibit the retroactive increase of an award based on a change in conditions. Nevertheless, we conclude that the legislature did not intend modification of an award based on a "change in conditions" to take effect prior to the date when the reopening was requested.

RSA 281:37 states that "[a] decision of the labor commissioner shall take effect upon date of notification and become *final*, in the absence of an appeal therefrom, 30 days thereafter." RSA 281:37, II (emphasis added). RSA 281:42 provides a one-year grace period for bringing an appeal in the superior court when a person aggrieved by a decision was prevented from appealing within thirty days through "mistake, accident, or misfortune and not his own neglect. " RSA 281:40 allows for the only other exception to the finality otherwise accorded such decisions thirty days after a decision has been rendered by the Department. This exception is triggered when a party in interest "petition[s] the labor commissioner to review a denial or an award . . . of compensation." RSA 281:40. Prior to such a petition, the Department has no jurisdiction to modify an award it has previously rendered.

The section allowing reopening requires a petition to be filed "not later than the fourth anniversary of the date of [a] denial [of an award] or [the date of] the last payment of compensation." RSA 281:40. The section thus allows for reinstatement of disability benefits when no more than four years have elapsed since last receipt of those benefits. *Coulombe v. Noyes Tire Co.*, 125 N.H. 765, 767, 484 A.2d 1220, 1221–22 (1984). It also allows a petition for an increase or decrease in payments currently being made, no matter how long the particular payment rate has been in effect. *See* RSA 281:40.

If the statute allowed retroactive payments as of the day following the last decision, then a claimant who has received the same benefits for a number of years could suddenly petition the Department claiming that his condition had changed as of the day after the previous decision, and that he is therefore entitled to the increased rate for the entire period following that decision. Although the claimant requesting modification bears the burden of proving a "change in conditions," *see* 3 A. LARSON, WORKMEN'S COMPENSATION LAW § 81.33(c) (1989), it would be difficult for an employer or insurer to counter evidence, which the claimant may

have accumulated over the years, so many years later. If the claimant were to present a medical report rendered five years ago which opines that the claimant's condition had deteriorated, how could an insurer now show that this opinion was mistaken and the change had in fact occurred much later? Allowing a claimant to collect an increased rate of benefits for a period prior to his filing a petition to reopen a Department decision also denies an employer or insurer the opportunity to decrease its liability by prompt rehabilitation efforts. *See Graham v. Peoples Life Ins. Co.*, 372 S.E.2d 161, 163, 166 (Va. App. 1988). We cannot believe that the legislature intended the reopening section to allow such abrogation of the finality of the earlier decision and to create such uncertainty regarding payments already made, without express language permitting it. *See General Electric Co. v. Dole Company*, 105 N.H. 477, 479, 202 A.2d 486, 488 (1964) (court will not interpret statute so as to produce an unjust and seemingly illogical result). Because an award is deemed "final" if no appeal is taken within thirty days following a Department decision, and will not be reviewed, except on appeal within the one-year grace period, unless a petition to reopen is filed with the Department, it is the responsibility of the party claiming modification to file a petition as soon as that party becomes aware of a "change in conditions." *See Gallegos v. Industrial Com'n*, 144 Ariz. 1, 5 n.2, 695 P.2d 250, 254 n.2 (1985).

Although we reject plaintiff's position that an award can be retroactive without limit to the date a "change in conditions" occurred, we cannot accept the defendant's position either. Aetna argues that modification of an award can take effect only as of the date of the hearing. However, once a claimant has filed a petition for reopening, the concerns expressed above regarding proof and rehabilitation cease. In the present case, almost one year lapsed between the date of the request for reopening and the date of the hearing before the Department. We do not believe the legislature intended modification of an award to depend on the fortuitous event of when a hearing for reopening is held. We therefore hold that if the claimant can demonstrate that a "change in conditions" occurred prior to May 31, 1988, then the increased rate can apply as of the proven date, but not before June 3, 1987, the date the claimant requested reopening. *See Vivian v. Liberty Mutual Insurance Company*, 119 Ga. App. 159, 166 S.E.2d 399 (1969).

Accordingly, we reverse and remand.

*Reversed and remanded.*

All concurred.