Sullivan
No. 91-503

THE STATE OF NEW HAMPSHIRE

v.

MICHAEL POIRIER

December 3, 1992

*John P. Arnold*, attorney general (*Charles T. Giacopelli*, assistant attorney general, on the brief), by brief for the State.

*James E. Duggan*, chief appellate defender, of Concord, by brief for the defendant.

## MEMORANDUM OPINION

HORTON, J.   The defendant, Michael Poirier, was convicted, after a jury trial, of one count of aggravated felonious sexual assault. On appeal he argues that the Superior Court (*DiClerico*, J.) erred by allowing the State to present evidence that he had sexually assaulted the victim on an earlier occasion. We affirm.

The defendant and the victim met while the victim was in high school. Their relationship lasted approximately three years. They shared an apartment from 1988 until late 1989. In late 1989, the defendant, while drunk and angry, raped the victim. The victim did not report this incident to the authorities, but she immediately moved out of the apartment. The defendant and the victim continued to see each other, and on a number of occasions engaged in consensual sexual relations. In June 1990, the defendant attempted without success to force the victim to have sex. Thereafter, the defendant and the victim continued to date and engaged in consensual sexual relations twice. On September 28, 1990, the defendant again sexually assaulted the victim. The victim reported this assault, and the defendant was convicted of aggravated felonious sexual assault for this incident.

Prior to trial, the defendant filed a motion *in limine* to exclude testimony related to the 1989 sexual assault, arguing that it was inadmissible prior bad act evidence. *See* N.H. R. Ev. 404(b). The State argued that the evidence was probative of the defendant's intent, his knowledge, and his lack of mistake, which are permissible uses of such evidence under Rule 404(b). The court granted the defendant's motion, but effectively reserved its final decision until it heard the evidence presented at trial. The court stated: "All right, the motion

*in limine* is granted. However, that doesn't mean that—depending on which way the evidence comes in—the issue can't be raised again in terms of cross-examination. So in the first instance the motion is granted."

During the State's direct examination of the victim, it asked no questions about the victim's early sexual relations with the defendant or the 1989 sexual assault. It only confirmed that the two had engaged in sex from the beginning of their relationship. During cross-examination, the defense, like the State, avoided testimony of the 1989 assault. The defendant, however, questioned the victim extensively about her consensual sexual relations with the defendant. The defendant traced the entire history of the couple's sexual relationship, which had started while the victim was in high school. The State then asked the court to reconsider its earlier ruling on the defendant's motion *in limine*. Upon reconsideration, the court allowed the State to enter evidence of the 1989 assault for purposes of showing the defendant's intent and knowledge of the victim's lack of consent. The court gave limiting instructions to the jury, instructing them not to consider the proffered testimony as evidence of the defendant's character or disposition.

■■■ The defendant argues that the court permitted the testimony of the 1989 assault because the "door was opened" to that testimony. He contends that the State opened the door, and consequently the court erred in allowing it to present testimony related to the 1989 assault. The term "opening-the-door" is used to describe situations in which a misleading advantage gained by the opposing party "may be countered with previously suppressed or otherwise inadmissible evidence." *State v. Crosman*, 125 N.H. 527, 531, 484 A.2d 1095, 1098 (1984). We do not believe the facts in this case warrant an "opening-the-door" analysis. Neither party opened the door. The correct analysis is whether the trial court improperly reconsidered its preliminary decision to grant the defendant's motion *in limine* due to changed circumstances.

■■■ We have stated that "the trial court's ruling that evidence is admissible is given broad latitude, and will be upheld, absent an abuse of discretion." *State v. Torrence*, 134 N.H. 24, 27, 587 A.2d 1227, 1229 (1991) (citations and quotations omitted). The superior court's "discretionary powers are continuous. They may be exercised, and prior exercise may be corrected, as sound discretion may require, at any time prior to final judgment." *Redlon Co. v. Corporation*, 91 N.H. 502, 505, 23 A.2d 370, 373 (1941) (citations omitted). We

recently affirmed the trial court's reconsideration of a motion *in limine*, stating: "New Hampshire law has long granted the superior court jurisdiction over a matter until its final judgment. Thus, interlocutory rulings may be reconsidered at the discretion of the same or another judge of the superior court." *State v. Wilkinson*, 136 N.H. 170, 177, 612 A.2d 926, 930 (1992) (citation omitted). In the instant case we find no impropriety in the court reconsidering its preliminary decision granting the defendant's motion *in limine*. The court had the inherent power to reconsider its ruling, and it warned both parties that its decision was preliminary in nature, being subject to change "depending on which way the evidence [came] in."

*Affirmed.*

All concurred.