Belknap
No. 94-038

THE STATE OF NEW HAMPSHIRE

v.

DAVID HAYCOCK

June 9, 1995

*Jeffrey R. Howard,* attorney general (*Sharon J. Fray-Witzer,* attorney, on the brief), for the State.

*James E. Duggan,* chief appellate defender, of Concord, by brief for the defendant.

MEMORANDUM OPINION

THAYER, J. The defendant, David Haycock, appeals from his conviction, after a jury verdict in the Superior Court (*Smukler,* J.), for operating a motor vehicle after being certified an habitual offender, RSA 262:23 (1993). The sole issue raised on appeal is whether the lower court erred in considering the State's second motion for reconsideration of a suppression order, which the defendant alleges was filed more than ten days after the issuance of the court order, in violation of Superior Court Rule 59-A. We affirm.

On February 9, 1993, the Superior Court (*O'Neil,* J.) granted the defendant's motion to suppress evidence. On February 12, the State moved to reconsider, requesting that the trial court grant an evidentiary hearing. The trial court initially denied that motion on March 4, 1993, without a hearing, and then allowed an unrecorded hearing on the reconsideration motion on March 30, 1993. Following the hearing, the trial court affirmed its earlier denial with an order dated March 30, 1993. The State then filed another motion for reconsideration on March 31, 1993, requesting that the court hold a hearing on the record and that the trial court reconsider its original ruling to suppress. The court granted this motion over the defendant's objection and held an evidentiary hearing. On August 10, 1993, prior to the start of the defendant's trial, the court reversed its decision regarding the suppression of evidence.

Essentially, the defendant argues that the court could not revisit its original pretrial ruling on the motion to suppress because the State

failed to comply with Superior Court Rule 59-A(1). Rule 59-A(1) provides that "[a] motion for reconsideration or other post-decision relief shall be filed within ten (10) days of the date on the Clerk's written notice of the order or decision." This argument is not persuasive. Assuming that Rule 59-A(1) applies in this situation and that the motion in question did not comply with the timeliness requirement of Rule 59-A(1), the trial court's "discretionary powers are continuous. They may be exercised, and prior exercise may be corrected, as sound discretion may require, at any time prior to final judgment." *State v. Poirier,* 136 N.H. 477, 479, 617 A.2d 653, 655 (1992) (quotation omitted). Therefore, the trial court's review of its preliminary evidentiary ruling will only be overturned if we find that the court abused its discretion. On the facts of this case, we find no abuse of discretion in the trial court's granting of the State's motion for reconsideration. *Cf. id.* at 480, 617 A.2d at 655.

*Affirmed.*

All concurred.