Compensation Appeals Board
No. 96-439

APPEAL OF WAUSAU INSURANCE COMPANIES

(New Hampshire Compensation Appeals Board)

April 13, 1999

*Eric P. Bernard, P.C.*, of Manchester (*Eric P. Bernard* and *Angela D. Racht* on the brief, and *Mr. Bernard* orally), for the petitioner.

*Kelliher and Clougherty*, of Manchester (*Thomas W. Kelliher* on the brief and orally), and *Elizabeth Cazden*, of Manchester, on the brief, for the respondent.

THAYER, J. The petitioner, Wausau Insurance Companies (Wausau), appeals a decision of the New Hampshire Compensation Appeals Board (board) holding Wausau liable for coverage of Roydon S. Hudson, Jr.'s disability claim. We reverse and remand.

Wausau sought a hearing to establish liability between itself and the respondent, Liberty Mutual Insurance Company (Liberty Mutual), as successive workers' compensation carriers for Hudson's employer, Littleton Lumber Industries (Littleton Lumber). Wausau provided workers' compensation coverage from October 1, 1991, through September 30, 1993. Liberty Mutual provided coverage effective October 1, 1993, forward.

Beginning in 1987, Hudson operated a forklift for Littleton Lumber. He predominantly used his left arm to steer the forklift. After his left shoulder became sore, he sought medical treatment on December 15, 1992. The pain in his left shoulder did not result from any specific incident but had gradually worsened over time. For nearly two years, Hudson continued to seek medical treatment for his shoulder. Despite the pain, he continued to work, maintaining his duties operating the forklift.

By March 1993, Hudson was experiencing a "snapping" in the shoulder as well as continuing pain. These symptoms persisted and gradually worsened over time but never caused the claimant to miss work, except to attend occasional medical appointments, until he underwent surgery in October 1994, after which he missed over one month of work to recover.

At the board hearing, the causal relationship of the injury to employment was stipulated by the parties. Therefore, the only issue before the board was determining the date of injury and the responsible carrier. The board found December 15, 1992, when Hudson first received medical treatment, as the date of injury and

applied RSA 281-A:46, III (Supp. 1998) to determine that Wausau, the carrier at that time, was responsible. Wausau moved for a rehearing, arguing that the board failed to apply the appropriate law in determining both the date of injury and the responsible carrier. The board denied the request and this appeal was filed.

"We will overturn the board's decision only for errors of law, or if we are satisfied by a clear preponderance of the evidence before us that the order is unjust or unreasonable." *Appeal of Kehoe*, 141 N.H. 412, 415, 686 A.2d 749, 752 (1996); *see* RSA 541:13 (1997). "The board's findings of fact will not be disturbed if they are supported by competent evidence in the record, upon which the board's decision reasonably could have been made." *Kehoe*, 141 N.H. at 415, 686 A.2d at 752 (citation omitted).

We first turn to the date of Hudson's injury. Wausau argues that the injury is a cumulative trauma injury, and therefore the date of injury is the date Hudson was unable to continue working. *See Appeal of Briggs*, 138 N.H. 623, 627, 645 A.2d 655, 658 (1994). Liberty Mutual contends that the appropriate date of injury is when the disabling condition manifests itself.

In order to determine the date of injury, we must first determine the nature of the injury. The parties agree, and the board found, that no specific incident precipitated the injury. Rather, "[seven] years of steering the forklift has worn the shoulder joint." Overuse of a joint in this manner has been described as a cumulative trauma injury. *Cf. Briggs*, 138 N.H. at 628, 645 A.2d at 659. Such "[a] disability may develop gradually, and with the presence of some pain, but an acute manifestation occurring on a particular day which is so intolerable that it prevents the claimant from working is considered an accidental injury [within the meaning of the workers' compensation law]." *Id.* at 627, 645 A.2d at 658. In such a case, the injury manifests itself on the day the claimant is unable to continue working. *See Kacavisti v. Sprague Electric Co.*, 102 N.H. 266, 269-70, 155 A.2d 183, 185 (1959).

Wausau argues that because Hudson was not prevented from working until his surgery on October 4, 1994, the date of injury is October 4, 1994. Liberty Mutual contends that where, as here, there is neither a sudden cause nor a sudden effect, the date of injury is the date the disabling condition manifests itself either by requiring medical attention or by causing partial disability.

■ We have observed that "[d]isability in the medical sense such as inability to make the necessary muscular movement and exertions" is not compensable unless it produces a loss in earning

capacity. *Desrosiers v. Company*, 98 N.H. 424, 426, 101 A.2d 775, 777 (1953). Therefore, in order for an injury to be cognizable under the workers' compensation law, it must produce some work-related disability. *Appeal of Martino*, 138 N.H. 612, 614, 644 A.2d 546, 547 (1994). Such a disability need not result in total inability to work; it may also result in only a reduction in earning capacity. *See Appeal of Lalime*, 141 N.H. 534, 540, 687 A.2d 994, 997 (1996); *see also* RSA 281-A:31 (Supp. 1998).

■ ■ A cumulative trauma injury may also result in total or partial disability. Whether total or partial disability results, the appropriate date of the injury in a claim for workers' compensation involving cumulative trauma is the day the claimant's injury causes a diminished earning capacity. *Cf. Alberty v. Excel Corp.*, 951 P.2d 967, 970 (Kan. Ct. App. 1998). Because the board improperly determined the date of the injury as the date Hudson first sought medical attention, we reverse the board's decision and remand for further proceedings consistent with this opinion. In light of our holding, we need not reach the parties' remaining arguments.

*Reversed and remanded.*

All concurred.