Compensation Appeals Board
No. 98-659

## APPEAL OF COMMERCIAL UNION INSURANCE COMPANY

### (New Hampshire Compensation Appeals Board)

November 2, 2000

*Devine, Millimet & Branch, P.A.*, of Manchester (*Donna M. Head* on the brief and orally), for the petitioner.

*Wadleigh, Starr & Peters, P.L.L.C.*, of Manchester (*Jeffrey H. Karlin* on the brief and orally), for the respondent.

HORTON, J. The petitioner, Commercial Union Insurance Company, appeals a decision of the New Hampshire Compensation Appeals Board (board). The board held that the petitioner, rather than the respondent, Liberty Mutual Insurance Company, is liable for coverage of the claimant's, Sylvia Wright's, cumulative trauma disability claim. *See* RSA 281-A:46 (1999). We vacate and remand.

We recite the facts as found by the board or as presented in the record. The claimant had been employed as a mail clerk at Littleton Stamp & Coin (employer) for approximately five and one-half years when she developed a sharp pain in her right shoulder on July 19, 1996. Despite treatment by her family physician, the pain became progressively worse, and the claimant was referred to an orthopedic specialist, Dr. Lon W. Howard. On July 26, 1996, Dr. Howard diagnosed work-related bursitis of the right shoulder, prescribed treatment, and restricted the claimant from certain work-related activities, rendering her unable to perform her duties as mail clerk. Consequently, the employer put the claimant on light duty in another department at the same rate of pay.

On September 1, 1996, the employer changed workers' compensation carriers from the petitioner, which had paid for the claimant's initial medical treatment, to the respondent. On October 2, 1996, Dr. Howard again treated the claimant. He noted that the claimant's injury had worsened and imposed additional work restrictions. As a result, the claimant became unable to fulfill her reduced duties, and on October 3 she stopped working.

The New Hampshire Department of Labor determined that the petitioner was the responsible payor as the carrier on the risk at the time of the injury. The petitioner appealed to the board, which also concluded that the petitioner was responsible as the carrier on the risk at the time of the "disabling work injury."

"We will overturn the board's decision only for errors of law, or if we are satisfied by a clear preponderance of the evidence before us that the order is unjust or unreasonable." *Appeal of Wausau Ins. Cos.*, 143 N.H. 478, 480, 727 A.2d 988, 989 (1999) (quotation omitted).

On appeal, the petitioner argues that the board erred in concluding that it was responsible for the payment of workers' compensation benefits when it was not the carrier on the risk at the time the claimant suffered a reduction in earnings. The petitioner relies on our pronouncement in *Appeal of Wausau* that "the appropriate date of the injury in a claim for workers' compensation involving cumulative trauma is the day the claimant's injury causes a diminished earning capacity." *Id.* at 481, 727 A.2d at 990. According to the petitioner, "diminished earning capacity" cannot occur until

the claimant suffers a *de facto* reduction in her actual earnings. Thus, whether the value of a claimant's services in the marketplace has been reduced is immaterial if the claimant continues to earn a wage equivalent to that enjoyed prior to the injury. We disagree.

■■ "Earning capacity" is an objective measure of a worker's ability to earn wages. As such, a determination of whether a worker's earning capacity has been diminished must be reached with reference to the worker's value in the marketplace, independent of the subjective measure of the worker's actual earnings. *Cf.* 4 A. LARSON & L. LARSON, LARSON'S WORKERS' COMPENSATION LAW § 80.01[1] (2000) (distinguishing earning capacity from actual earnings). Thus, the carrier on the risk at the time the claimant suffered diminished earning capacity, as indicated by a reduction in her value in the marketplace, bears responsibility for the payment of her workers' compensation benefits. Because the board made no findings as to when the claimant's earning capacity was diminished, we vacate its order and remand for further proceedings consistent with this opinion.

In light of our holding, we need not reach the parties' remaining arguments.

*Vacated and remanded.*

THAYER, J., sat for oral argument but resigned prior to the final vote; BROCK, C.J., and BRODERICK, J., concurred.