NOTICE:  This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press.  Errors may be reported by email at the following address: reporter@courts.state.nh.us.  Opinions are available on the Internet by 9:00 a.m. on the morning of their release.  The direct address of the court's home page is: https://www.courts.nh.gov/our-courts/supreme-court

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Compensation Appeals Board
Nos.   2021-0071
       2021-0072


APPEAL OF JAVIER VASQUEZ
(New Hampshire Compensation Appeals Board)

APPEAL OF MATOSANTOS INTERNATIONAL CORPORATION
(New Hampshire Compensation Appeals Board)


Argued: February 10, 2022
Opinion Issued: September 30, 2022

Shaheen & Gordon, P.A., of Manchester (Jared P. O'Connor on the brief and orally), for petitioner Javier Vasquez.

Rath Young and Pignatelli, P.C., of Concord (Michael K. O'Neil on the brief and orally), for petitioner Matosantos International Corporation.

Getman, Schulthess, Steere & Poulin, P.A., of Manchester (Tracy L. McGraw on the brief and orally), for the respondent, The Hartford Insurance Company.

John M. Formella, attorney general, and Anthony Galdieri, solicitor general (Stacie M. Moeser, assistant attorney general, on the brief and orally), for the New Hampshire Department of Labor.

BASSETT, J.  The petitioners, Javier Vasquez and his employer, Matosantos International Corporation (MIC), appeal the determination of the New Hampshire Compensation Appeals Board (CAB) that it could not order the respondent, The Hartford Insurance Company, to pay workers' compensation benefits to Vasquez.  The CAB concluded that the Department of Labor (DOL), and therefore the CAB, lacked jurisdiction under the Workers' Compensation Law, RSA ch. 281-A, to interpret the workers' compensation insurance policy that MIC had purchased from The Hartford.  Because we conclude that the CAB did have jurisdiction to consider and resolve the coverage dispute between MIC and The Hartford, we vacate the CAB's decision and remand for its consideration, in the first instance, of whether the policy purchased by MIC covered Vasquez when he was injured while working in New Hampshire.

The following facts are undisputed.  In 2018, Vasquez was working as a traveling auditor for MIC.  He was required to visit retail stores throughout the United States to ensure compliance with product placement and advertising requirements.  On May 24, 2018, Vasquez arrived in New Hampshire to perform his duties at stores located within the state.  This was the first time in 2018 that an MIC employee worked in New Hampshire.  On May 31, Vasquez was driving to a hotel in Laconia when his vehicle was hit head-on by a drunk driver.  He suffered severe injuries and was hospitalized in intensive care for three weeks.  He has been totally disabled from work since the time of the injury.  His medical costs exceeded $700,000 as of August 2021 and had not been paid as of February 2022.

Vasquez retained counsel, who filed a workers' compensation claim with The Hartford, MIC's workers' compensation carrier.  The Hartford declined to provide benefits, stating that the workers' compensation policy purchased by MIC did not provide coverage for employees working in New Hampshire on the date of Vasquez's injury.

Vasquez then submitted a petition to the commissioner of the DOL requesting a hearing to determine whether he was entitled to benefits and, if so, whether the workers' compensation policy that MIC had purchased from The Hartford would cover the injuries.  See RSA 281-A:43 (Supp. 2021); see also RSA 281-A:5-f (2010) (applying chapter to nonresident employees and employers doing business in New Hampshire).  MIC failed to appear at a hearing, and the DOL entered a default against it.  At the hearing, The Hartford argued that it "did not provide coverage for the employer in New Hampshire at the time of the claimant's injury."  The DOL ruled that Vasquez's injuries arose

out of and were sustained in the course of his employment and awarded him temporary total disability benefits, but declined to resolve the coverage questions presented by The Hartford.

MIC moved to strike the default and moved for reconsideration on the issue of whether its policy with The Hartford covered Vasquez's injuries. Following a re-hearing on that issue, the DOL again declined to resolve the coverage dispute between MIC and The Hartford. Vasquez and MIC appealed to the CAB, which ruled that the DOL lacks jurisdiction to resolve the coverage dispute and that MIC was in violation of RSA 281-A:5 for "fail[ing] to prove that it had a valid worker's compensation policy in effect" that covered Vasquez's injuries. Vasquez and MIC filed separate appeals, which we consolidated.

On appeal, the petitioners argue that the CAB erred when it concluded that the DOL does not have jurisdiction to interpret insurance policies to determine whether an employer or its insurer is responsible for paying workers' compensation benefits. RSA 281-A:43 grants the DOL authority to resolve any "controversy as to the responsibility of an employer <u>or the employer's insurance carrier</u> for the payment of compensation and other benefits under this chapter." RSA 281-A:43, I(a) (emphasis added). The petitioners argue that "controversy" encompasses a dispute as to the meaning of the language in the workers' compensation insurance policy. The Hartford and the DOL counter that RSA 281-A:43 does not grant the DOL authority to interpret workers' compensation insurance policies. We agree with the petitioners that the DOL has jurisdiction to resolve disputes as to the interpretation of workers' compensation insurance policies purchased by employers. Accordingly, we vacate and remand.

We will not disturb the CAB's decision absent an error of law, or unless, by a clear preponderance of the evidence, we find it to be unjust or unreasonable. <u>In re JAMAR</u>, 145 N.H. 152, 154 (2000). This case concerns the jurisdiction of the DOL and the CAB, which are administrative agencies. <u>See</u> RSA 273:1 (2010); RSA 281-A:42-a, II (2010). Administrative agencies have jurisdiction only "under the precise circumstances and in the manner particularly prescribed by the enabling legislation." <u>In re Campaign for Ratepayers' Rights</u>, 162 N.H. 245, 250 (2011).

This case requires us to interpret RSA 281-A:43, I(a). In matters of statutory interpretation, we first look to the language of the statute itself, and, if possible, construe that language according to its plain and ordinary meaning. <u>Petition of Carrier</u>, 165 N.H. 719, 721 (2013). We interpret the statute as written and will not consider what the legislature might have said or add language that the legislature did not see fit to include. <u>Id</u>. We construe all parts of a statute together to effectuate its overall purpose and avoid an absurd or unjust result. <u>Id</u>. We consider words and phrases, not in isolation, but in the context of the statute as a whole in order to better discern the legislature's

intent and to interpret statutory language in light of the policy or purpose sought to be advanced by the statutory scheme. Id. When construing a statute, we give effect to all words in a statute and presume that the legislature did not enact superfluous or redundant words. Appeal of Marti, 169 N.H. 185, 191 (2016).

We interpret RSA 281-A:43 as granting the DOL jurisdiction to resolve coverage disputes between employers and insurers and, therefore, to interpret insurance contracts. "Employer" is defined in RSA 281-A:2, which specifically provides that "[e]xcept where the context specifically indicates otherwise, the term employer . . . shall be deemed to include the employer's insurance carrier . . . ." RSA 281-A:2, VIII(c) (2010) (emphasis added). RSA 281-A:43 states that the DOL has authority to resolve "controvers[ies] as to the responsibility of an employer or the employer's insurance carrier" for payment of benefits. RSA 281-A:43, I(a) (emphasis added). Given the definition of "employer" in RSA 281-A:2, the additional reference in RSA 281-A:43 to the insurance carrier may not be necessary; however, its specific mention makes clear that the legislature intended to empower the DOL to decide whether the employer or the insurer is obligated to pay benefits. Marti, 169 N.H. at 191 (noting our presumption that the legislature does not enact superfluous words). To interpret the statute as the respondent and the DOL urge would read the words "or the employer's insurance carrier" out of RSA 281-A:43, which we must not do. See Brown v. Brown, 133 N.H. 442, 445 (1990) (explaining that language "cannot be read out of [a] statute"). Even if RSA 281-A:43 did not specifically refer to the insurance carrier, in order to adopt the proffered construction, we would have to read "employer" as excluding the insurance carrier, which would be contrary to the definition in RSA 281-A:2.

Therefore, we agree with the petitioners that RSA 281-A:43 gives the DOL authority to decide whether the employer or insurer is required to pay workers' compensation benefits. Doing so may require interpretation of insurance policies. See JAMAR, 145 N.H. at 155 (stating that administrative agencies possess implied or incidental powers reasonably necessary to carry out the powers expressly granted to them by statute). The CAB, in turn, may need to interpret insurance contracts in reviewing DOL decisions made under RSA 281-A:43. See RSA 281-A:42-a, I (2010).

Other provisions of the Workers' Compensation Law contemplate that the DOL considers insurance contracts when resolving matters properly before it. For example, RSA 281-A:5 requires that employers "insur[e] and keep[] insured the payment of such compensation with a company licensed to write workers' compensation insurance in this state and fil[e] with the commissioner . . . evidence of such coverage as the commissioner deems appropriate," RSA 281-A:5, I, and the DOL may impose penalties on employers who fail to do so, RSA 281-A:7, I(a)(1) (Supp. 2021). Determining whether an employer has "insur[ed] and ke[pt] insured" the payment of workers' compensation may require

analysis of the terms of an insurance contract.  The instant case demonstrates this: although MIC, a company with operations in many states, had secured workers' compensation insurance, whether employees working in New Hampshire are covered depends upon the terms of the contract.  Other statutory provisions that could give rise to disputes regarding policy coverage include RSA 281-A:6 (2010) (requiring that insurance companies offering comprehensive personal liability, tenants', or homeowners' insurance also "provide workers' compensation insurance covering domestics"); RSA 281-A:23, V(c) (2010) ("The commissioner may assess a civil penalty of up to $2,500 on any health care provider who . . . bills an injured employee or his or her employer for services covered by insurers or self-insurers under this chapter."); and RSA 281-A:46, I (2010) (authorizing the DOL to resolve disputes between successive insurance carriers regarding liability for benefits).

The Hartford argues that the DOL lacks expertise in insurance contract interpretation, and therefore only the courts may address issues requiring such interpretation.  We disagree.  The DOL must, on occasion, interpret employment contracts, see, e.g., RSA 281-A:12 (2010) (making compensation for injury sustained out-of-state contingent on whether an employment contract was "expressly for service" rendered outside the state); interpretation of an insurance policy is a similar undertaking, Energynorth Natural Gas, Inc. v. Continental Ins. Co., 146 N.H. 156, 159 (2001) ("We generally construe an insurance policy as we do any other contract.").  Further, although the primary focus of the DOL may not be deciding legal issues, that does not mean that it lacks jurisdiction to address legal matters properly before it.  For example, we recently remanded to the CAB the legal issue of whether federal law preempted state law and prohibited employee reimbursement for medical marijuana. Appeal of Panaggio, 172 N.H. 13, 18-19 (2019).  And the fact that the DOL is empowered to resolve legal issues arising under the Workers' Compensation Law does not preclude judicial review; a party aggrieved by a CAB decision may appeal to this court.  RSA 281-A:43, I(c) ("Any party in interest aggrieved by any order or decision of the board may appeal to the supreme court pursuant to RSA 541.").

Construing RSA 281-A:43 to allow the DOL to resolve certain coverage disputes is necessary to effectuate the purpose of the Workers' Compensation Law "to afford employees a sure remedy when they are injured on the job and to provide for a fair resolution of disputed claims."  JAMAR, 145 N.H. at 155.  If the DOL were unable to resolve coverage disputes between an employer or insurer as to which entity is responsible for payment of workers' compensation benefits, injured employees would be in a precarious and vulnerable position. Without a determination of coverage, the employer would be responsible, by default, for paying the workers' compensation benefits.  See N.H. Admin. R., Lab 304.01.  In the event that the employer is unable or unwilling to pay, the employee would have limited recourse.  For example, the employee could wait and hope that the employer will sue the insurer for breach of contract, or the

employee or employer could pursue a declaratory judgment action in court against the insurer, see King-Jennings v. Liberty Mut. Ins. Co., 144 N.H. 559 (1999); but, under either scenario, the employee could face significant uncertainty about whether and when benefits will be paid and would incur costs and face further delays, and the employee's relationship with the employer could be strained. The Workers' Compensation Law was enacted to avoid precisely these problems. See Alonzi v. Northeast Generation Servs. Co., 156 N.H. 656, 664 (2008) (explaining that the Workers' Compensation Law was a "radical legislative response" because courts were "filled with litigation[, which] . . . engendered bitterness between employer and employee; resulted in great economic waste[;] and turned out an army of maimed and helpless people as dependents upon the charity of friends or the public" (brackets and ellipses omitted)); see also JAMAR, 145 N.H. at 155.

Accordingly, we hold that RSA 281-A:43, I(a) confers upon the DOL — and by extension the CAB — jurisdiction to resolve coverage disputes requiring the interpretation of workers' compensation insurance policies purchased by employers. To the extent that the orders of the DOL and the CAB can be read to determine — without analyzing the policy language — that the workers' compensation policy purchased by MIC did not provide coverage for Vasquez when he was injured while working in New Hampshire, they are hereby vacated. We remand for further proceedings consistent with this opinion.

Vacated and remanded.

HICKS, HANTZ MARCONI, and DONOVAN, JJ., concurred.

6