Grafton
No. 7143

GLENN W. BRICKER, M.D.

v.

SCEVA SPEARE MEMORIAL HOSPITAL

December 31, 1975

*Glenn W. Bricker, M.D.*, by brief and orally, pro se.

*Wescott, Millham & Dyer (Mr. Peter V. Millham* orally) for the defendant.

LAMPRON, J.    Motion to vacate a judgment rendered on May 17, 1971, dismissing a bill in equity brought in the superior court by plaintiff physician to enjoin the defendant hospital from enforcing its decision not to reappoint him to its medical staff. Defendant filed a special plea asking that plaintiff's motion dated September 25, 1974, be dismissed under the provisions of RSA 526:4. This section reads as follows: "A new trial shall not be granted unless the petition is filed within three years after the rendition of the judg-

ment complained of, or the failure of the suit." The Trial Court (*Johnson*, J.) granted defendant's motion and reserved and transferred plaintiff's exception thereto.

The original action resulted when the president of the hospital notified Dr. Bricker by letter dated October 20, 1970, that the board of directors had voted unanimously not to reappoint him to its medical staff. This vote followed a hearing on an appeal by the plaintiff under the bylaws of the hospital from votes not to reappoint plaintiff taken by committees of the defendant charged with membership on its medical staff. The bill in equity, the judgment on which plaintiff seeks to vacate in these proceedings, was then instituted.

An *ex parte* temporary injunction sought thereunder to stay the action of the hospital was denied by *King*, J., on October 22, 1970. This order was sustained October 26, 1970, on appeal to this court. *Bricker v. Hospital*, 110 N.H. 412, 270 A.2d 358 (1970). Thereafter, following an evidentiary hearing *King*, J., issued a temporary injunction ordering the defendant to permit plaintiff the customary access of a staff member of its hospital. After a hearing on the merits, plaintiff's bill to enjoin the defendant from enforcing its decision not to reappoint him to its medical staff was dismissed by *Johnson*, J., on May 17, 1971. Plaintiff appealed and this court sustained the order of the trial court. *Bricker v. Sceva Speare Hosp.*, 111 N.H. 276, 281 A.2d 589 (1971). In addition, this court denied a motion by plaintiff for the taking of further testimony. "The additional affidavits filed in this court are merely cumulative to other affidavits already considered by the trial court in denying plaintiff's motion for a new trial." *Id.* at 282, 281 A.2d at 593. The United States Supreme Court denied plaintiff's petition for a review of the decision of this court. *Glenn W. Bricker v. Sceva Speare Memorial Hospital*, 404 U.S. 995 (1971).

Plaintiff's present motion, as amended, seeks to vacate the trial court's judgment of May 17, 1971, dismissing plaintiff's bill in equity. The essentials of this motion were stated by plaintiff in his brief to reduce themselves to whether "the defendant, its privies, its employees and attorneys have schemed to perpetrate a fraud and did in fact perpetrate a fraud upon the court and the plaintiff . . . what then is the fraud the plaintiff alleges he can prove . . .? In plain language, the defendants by its privies and/or employees: 1. Faked minutes of two meetings, 2. Gave testimony about a nonexistent meeting, 3. Gave false and misleading testimony concerning plaintiff and plaintiff's conduct, and, 4. Kept the court in ig-

norance of the true facts and real reason for wanting plaintiff divorced from the hospital medical staff by concealing material facts from the court."

The plaintiff previously made these or similar claims in an affidavit filed June 1, 1971, in support of a motion for a new trial. These claims were also the grounds of his motions for a new trial dated January 10, 1972, and September 20, 1972. This court in *Bricker v. Sceva Speare Hosp.,* 114 N.H. 229, 231, 317 A.2d 563, 566 (1974), overruled plaintiff's exceptions in an appeal which arose from the denial by the trial court of additional motions for a new trial based upon allegedly newly discovered evidence which pertained to the credibility of witnesses at the trial in question on this motion. Allegations of material alterations of records and perjury by the defendant and its officers or employees before State courts and quasi-judicial bodies were also contained in the action of *Bricker v. Sceva Speare Memorial Hospital,* 339 F. Supp. 234 (D.N.H. 1972).

Plaintiff's present motion to vacate is in effect a motion for a new trial. *Magoon v. New Eng. Power Co.,* 103 N.H. 366, 367, 172 A.2d 366, 367 (1961). In disposing of defendant's motion to dismiss, plaintiff correctly maintains that his allegations of fraud must be considered as true. *Hildreth v. Bergeron,* 110 N.H. 197, 263 A.2d 664 (1970). However, to warrant relief the fraud alleged must lead to the conclusion that the process of justice was thwarted or perverted by creating apparent jurisdiction over the matter when none existed, or that the plaintiff was prevented from contesting the issues involved. *Du Pont v. Du Pont,* 47 Del. (8 Terry) 231, 90 A.2d 468 (1952); F. James, Civil Procedure § 11.7 (1965). Plaintiff's allegations pertain mainly to matters which were in issue at the trial, that is, votes taken by the defendant and its officials, the records thereof, the truth of the testimony presented in support of the actions taken and what motivated the participants.

These matters were or could have been explored at the trial itself. The present motion is simply a continuation of the same dispute which the original trial was supposed to resolve. To reopen a case just because a party persists in asserting and attempting to prove that his version of the dispute was the truth and that of the opponent was false would keep the dispute going without end. "Resort to the courts would be frustrating and impracticable unless there were some point at which decisions became final so that parties could place reliance thereon . . . ." *Haner v. Haner,* 13 Utah 2d 299, 302, 373 P.2d 577, 579 (1962); *Sea-Land Services, Inc. v. Gaudet,*

414 U.S. 573, 575 (1974); *MacDonald v. Railway,* 71 N.H. 448, 452, 52 A. 982, 984-85 (1902).

The purpose of statutes such as RSA 526:1, :4 is to put an end to litigation by preventing a new trial three years "after the rendition of the judgment complained of, or the failure of the suit". "[A] judgment is rendered where the written decision of the court has been properly filed with the clerk of court, and especially where it has been recorded." 46 Am. Jur. 2d *Judgments* § 57 (1969). "[F]ailure of the suit" in our opinion means when the action is terminated otherwise than by the rendition of a judgment. The judgment in this case was rendered May 17, 1971, and plaintiff's motion to vacate or for a new trial was filed September 25, 1974. The trial court which had heard the case and rendered the judgment sought to be vacated and who heard the present motion made the following finding and ruling thereon. "The Court has reviewed the facts alleged in plaintiff's petition. Taking the new facts as alleged as true, the totality of these new facts would not constitute a fraud upon the Court" and defendant's motion to dismiss was granted. We have examined the cases of *Rasquin v. Cohen,* 92 N.H. 440, 33 A.2d 404 (1943), *Cormier v. Stevens,* 107 N.H. 66, 217 A.2d 186 (1966), and *Barton v. Plaisted,* 109 N.H. 428, 256 A.2d 642 (1969) and find nothing therein which would require a different result. We hold the dismissal by the trial court proper. We have considered plaintiff's motion to strike part of defendant's supplemental brief and find it to constitute proper advocacy within the circumstances of this case. The plaintiff's motion is denied.

*Plaintiff's exception overruled.*

DUNCAN, J., did not sit; the others concurred.