Rockingham
No. 78-181

FIRST NATIONAL BANK OF PORTSMOUTH

v.

ROBERT E. LOWRY
GERALDINE D. LOWRY

December 29, 1978

*Gerald F. Giles*, of Portsmouth, by brief and orally, for the plaintiff.

*Robert Shaw*, of Exeter, by brief and orally, for the defendant, Geraldine Lowry.

### MEMORANDUM OPINION

This is an action to recover the balance due on an installment note. The plaintiff brought suit in Rockingham County Superior Court late in December 1973 by a writ returnable on the first Tuesday of January 1974. Service of the writ was made at the abode of Mrs. Lowry and her husband, now deceased, and she had actual knowledge of the suit prior to the return date. Robert E. Lowry appeared pro se and admitted signing the note himself and forging his wife's signature. Mrs. Lowry failed to appear and a default was entered against her on January 15, 1974. Mr. Lowry died in May 1974. In February 1975, there was correspondence between the plaintiff's counsel and counsel retained by the defendant, in the course of which her counsel told the bank that "if you want to proceed against

her, you are welcome to do so." The plaintiff then requested judgment, which was entered in April 1975 in the amount of $1,269.13. On June 24, 1975, the plaintiff brought suit on the judgment in order to attach the defendant's land and collect the amount due. Plaintiff's verdict in the second suit was entered on February 3, 1978. At no time during the second proceeding did the defendant or her counsel seek to reopen the 1975 judgment.

On February 10, 1978, the defendant filed a motion to strike the default and requested a full trial on the merits. The motion was granted, without a hearing, on February 13, 1978, by *Goode*, J. The plaintiff filed a timely objection to the motion to strike the default, and filed a motion to set aside the order striking the default. The latter motion was denied on March 15, 1978, subject to the plaintiff's exception, and all questions of law were reserved and transferred to this court.

"It is the invariable rule that one who would seek cancellation of an instrument procured by fraud must take steps to that end within a reasonable time after discovering that the fraud has been committed" or be barred by laches. *O'Grady v. Deery*, 94 N.H. 5, 7, 45 A.2d 295, 296 (1946). The forgery that the defendant wishes to assert as a defense was within her knowledge as early as January 1974, and her husband's statement that she offers as evidence was a matter of public record in this case in 1974. Having chosen for more than four years not to assert the defense, the defendant and her counsel cannot now use the forgery as grounds for reopening the judgment. *See, e.g., Cloutier v. Epping Water & Sewer Comm'n*, 116 N.H. 276, 278, 360 A.2d 892, 894 (1976).

This case lay dormant for nearly three years after the defendant's counsel told the plaintiff that it was free to proceed against the defendant. It is essential that there be some point at which decisions become final so that parties can place reliance on them. *Bricker v. Sceva Speare Mem. Hospital*, 115 N.H. 709, 711, 350 A.2d 623, 625 (1975); *see* RSA 526:4.

On these facts it was an abuse of discretion for the trial court to grant the defendant's motion to strike the default judgment, and to deny the plaintiff's motion to strike the preceding order.

*Exceptions sustained; judgment for the plaintiff is reinstated. Remanded.*

DOUGLAS, J., did not sit.