Hillsborough-northern judicial district
No. 2001-039

### THE STATE OF NEW HAMPSHIRE

v.

### WILLIAM LOONEY

Argued: October 16, 2002
Opinion Issued: December 16, 2002

*Philip T. McLaughlin*, attorney general (*Nicholas Cort*, assistant attorney general, on the brief and orally), for the State.

*David M. Rothstein*, deputy chief appellate defender, of Concord, by brief and orally for the defendant.

NADEAU, J. The defendant, William Looney, appeals his conviction and enhanced sentence for first-degree assault on a law enforcement officer, *see* RSA 631:1 (1996); RSA 651:6, I(h) (Supp. 2002), which were entered after jury trial in the Superior Court (*Brennan*, J.). On appeal, the defendant challenges only the sufficiency of the State's evidence that he knew the victim was a law enforcement officer. We affirm.

On December 31, 1999, Officer Kenneth Pitman of the Manchester Police Department was assigned to a uniformed security detail at Chantilly's nightclub in Manchester for its New Year's Eve celebration. Shortly before midnight, the defendant, who earlier had been removed from the club, attempted to re-enter but was prevented from doing so by Officer Pitman. Officer Pitman escorted the defendant outside to a car parked in the club's parking lot, so the defendant could wait for his friends. The defendant, however, again tried to re-enter the club and Officer Pitman again had to prevent him from entering. During this interaction, Officer Pitman noticed the defendant smelled like alcohol and spoke with slurred speech. The defendant, however, assured Officer Pitman he was not driving and Officer Pittman returned to the club.

Just after midnight, the defendant returned from the parking lot and threw a large piece of curbside cement through the club's glass front window. Officer Pitman and several members of the club's security staff tried to stop the defendant from driving away. Officer Pitman reached into the driver's side door of the defendant's car to take his keys out of the ignition and prevent him from driving away. Officer Pitman was unsuccessful, however, and the defendant drove away while the officer's arm was still caught inside the driver's side door. As the defendant drove away, Officer Pitman hung from the car with his badge scratching against the driver's side window. The defendant dragged Officer Pitman through the Chantilly's parking lot, over a median, and into the Daniel Webster Highway, where Officer Pitman finally fell from the car and sustained significant bodily injuries.

After a brief car chase and struggle to get the defendant out of the car, members of the Manchester Police Department finally placed him under arrest and charged him with numerous offenses, one of which was assault on a law enforcement officer for his conduct involving Officer Pitman. After trial, a jury convicted the defendant of assault on a law enforcement officer. The trial court enhanced the defendant's sentence on that charge due to Officer Pitman's status as a law enforcement officer acting in the line of duty. *See* RSA 651:6, I(h) (Supp. 2002). This appeal followed.

The only question presented on appeal is whether the evidence was sufficient to prove the defendant subjectively knew Officer Pitman was a law enforcement officer. We find that it was.

In an appeal challenging the sufficiency of the evidence, the defendant must prove that no rational fact-finder at trial, viewing all of the evidence presented in the light most favorable to the State, could have found guilt beyond a reasonable doubt. *See State v. Dugas*, 147 N.H. 62, 66 (2001). When the challenged evidence of an element of the charged offense is circumstantial, the evidence must exclude all rational conclusions except

guilt. *See id.* Under this standard, however, we still consider the evidence in the light most favorable to the State, and we examine each evidentiary item in the context of all of the evidence, not in isolation. *See id.*

The defendant argues that the State never proved he subjectively knew Officer Pitman was a police officer as he drove from Chantilly's with the officer hanging from his car. The defendant argues Officer Pitman was merely one of many people attempting to physically stop his car, he was not wearing a badge and he never told the defendant he was a police officer. The defendant asserts that on these facts, a jury rationally could have concluded the defendant thought Officer Pitman was merely a bouncer or security guard at the club. Because this is a rational conclusion other than guilt, the defendant says his enhanced sentence based upon Officer Pitman's law enforcement status must be vacated.

The State, however, presented testimony from several witnesses to show Officer Pitman wore both a police uniform and a badge during his detail at Chantilly's, and he had several interactions with the defendant. In fact, Officer Pitman even showed the jury the scratches on his badge caused by rubbing against the defendant's car window as the defendant dragged him across the parking lot. Even if the defendant did not see the officer's badge as he dragged the officer around the parking lot, the defendant saw the uniform and badge previously when Officer Pitman twice prohibited him from re-entering the club and questioned him about his level of intoxication. Taking these facts together in context, in the light most favorable to the State, this evidence reasonably excludes all rational conclusions except that the defendant knew Officer Pitman was a law enforcement officer. Accordingly, we find that a rational jury could have concluded the defendant subjectively knew Officer Pitman was a police officer from the circumstances surrounding their interactions. *See State v. Reid*, 134 N.H. 418, 422-23 (1991).

*Affirmed.*

BROCK, C.J., and DALIANIS, J., concurred.