Brentwood Family Division
No. 2004-106

IN THE MATTER OF JOYCE K. NYHAN AND WILLIAM J. NYHAN

Argued: January 19, 2005
Opinion Issued: February 23, 2005

*McKittrick Law Offices*, of North Hampton (*J. Joseph McKittrick* on the brief and orally), for the petitioner.

*Wiggin & Nourie, P.A.*, of Manchester (*Doreen F. Connor* on the brief and orally), for the respondent.

BRODERICK, C.J. The respondent, William J. Nyhan, appeals an order of the Brentwood Family Division (*Maher*, J.) following remand. *See In the Matter of Nyhan and Nyhan*, 147 N.H. 768 (2002). We affirm.

The following facts are undisputed. In July 2000, the trial court issued a divorce decree. *See id.* at 769. The decree provided, in relevant part, that the petitioner, Joyce K. Nyhan, was to receive 45% of the proceeds from the sale of the respondent's Office Environments of New England (OENE) stock, and the respondent was to receive 55%. The OENE stock sale proceeds were the only marital asset that the trial court sought to divide on an equitable, rather than an equal, basis. In addition to being ordered to pay the petitioner her share of the OENE assets, the respondent was ordered to pay the petitioner a fixed sum of money to equalize the distribution of the parties' remaining assets.

The respondent filed a motion to reconsider the decree and did not pay the petitioner her share of the OENE assets. *See id.* The petitioner filed several motions before the trial court ruled on the respondent's motion to reconsider, including a request for interest on her share of the OENE assets. *See id.* The trial court granted the petitioner's request, amending the divorce decree to award interest pursuant to RSA 336:1 (Supp. 2004) as compensation for the delay in distributing the marital property due to both the respondent's post-decree motions and the possibility of an appeal to this court. *See id.* at 769-70. The respondent appealed. *See id.* at 770.

In *Nyhan* we held, among other things, that statutory interest under RSA 336:1 did not apply to property divisions under RSA 458:16-a (2004). *See id.* at 771. Accordingly, we vacated the portion of the divorce decree awarding the petitioner interest under RSA 336:1, and remanded the case to the trial court to determine whether interest should be awarded under RSA 458:16-a, and if so, at what rate to achieve an equitable division of the marital assets. *Id.* at 772.

Before the multi-day remand hearing concluded, the petitioner filed a motion to prohibit the further dissipation of assets by the respondent and for other relief. In late September 2003, the trial court issued an interim order, "based on that which was undisputed during that portion of the

[remand] hearing already conducted." The order provided, in relevant part:

> By way of brief background, the petitioner was originally awarded 45% of certain assets. The parties agree that this amount is $4,600,000 as of May 18, 2000. To date, $2,000,000 of this award has been paid to [the petitioner].
>
> Along with arguing that an award of interest from May 18, 2000 is not equitable, the respondent also argues that due to certain offsets, the petitioner is only owed another $1,792,309. The petitioner objects and argues that an award of interest is equitable in this case and in addition, [that] she is owed another $2,600,000.
>
> The issue surrounding the interest will be finally addressed following the remainder of the evidentiary hearing. However, the respondent, through his own testimony and evidence has conceded that he owes the petitioner $1,792,309. Given that the respondent has already lost significant sums of money in the stock market since the original decree, the Court is concerned that the money owed to the petitioner since May of 2000 will be lost if action is not taken. As such, the Court ORDERS that the respondent pay . . . $1,729,309 to the petitioner within ten (10) days of the date of the Family Division's notice of this Order.

The respondent moved the court to reconsider the interim order, arguing that: (1) he did not agree that 45% of certain assets, as of May 18, 2000, was $4,600,000; (2) the court lacked authority to order a partial distribution of property other than the marital homestead prior to the issuance of a final decree; (3) the trial court committed an unsustainable exercise of discretion in ordering him to pay the petitioner $1,792,309 within ten days without first hearing evidence of whether he was able to do so; and (4) the trial court erred in ruling that the hearing on remand was limited to the calculation of interest, because the court was obligated to consider all relevant factors to reach an equitable result as directed in *Nyhan*.

On December 16, 2003, the trial court issued its final order relative to the remand hearing, in which it denied the respondent's motion for reconsideration, and ruled that an award of interest to the petitioner was not warranted because the respondent had been paying her $6,000 per month in alimony under the existing temporary order, and had also been paying for her healthcare insurance. The court stated:

The remaining offsets argued by the respondent have not swayed the Court to further adjust the division of assets determined as of May 18, 2000. The petitioner is owed another $2,600,000. As noted above, the respondent has already lost significant sums of money in the stock market since the original decree. The Court was and continues to be concerned that the money owed to the petitioner since May 2000 [sic]. As such, the respondent is hereby ORDERED to pay the petitioner the sum of $2,600,000 within ten (10) days of the Clerk's notice of this ORDER.

Finally, the trial court granted certain of the petitioner's requests to prohibit the respondent from further dissipating marital assets. The respondent's motion to reconsider was denied, and this appeal followed.

The respondent contends that the trial court, on remand, committed several errors. First, he argues that the trial court impermissibly narrowed the scope of the remand hearing by refusing to consider the same expenses that weighed against an award of interest to the petitioner as credits to the respondent against the amount he owed the petitioner for the OENE proceeds. Second, he contends that the trial court committed legal error in calculating the numerical value of the petitioner's 45% share of the OENE proceeds. Third, he argues that the trial court committed an unsustainable exercise of discretion and violated his State and federal due process rights when it ruled on the petitioner's motion to prohibit further dissipation of assets without first affording him a hearing. Finally, he asserts that the trial court lacked authority to order him to pay the petitioner $2,600,000 within ten days of the clerk's notice of its remand order, and failed to consider the equities in ordering him to do so.

We first address the respondent's argument relative to the scope of the remand hearing. In *Nyhan*, we stated:

In this case, the trial court's imposition of interest under RSA 336:1 exceeded the *actual* rate of interest earned upon the OENE proceeds. Further, it appears from the record that the trial court did not consider other equitable factors, such as any tax liability the respondent incurred upon the interest earned from the OENE proceeds. It may well have been appropriate for the trial court to amend the property distribution to account for the time value of money due to delay. However, to the extent the trial court applied RSA 336:1, it was an error of law. Therefore, we vacate this portion of the divorce decree, as amended, and

*remand for an evidentiary hearing to determine whether the imposition of interest in this case is warranted and, if so, what constitutes a fair rate in order to achieve an equitable distribution of the marital assets.*

*Id.* at 772 (citations omitted; second emphasis added). The respondent maintains that the trial court erred as a matter of law in refusing to consider whether he was entitled to an offset credit for alimony and healthcare payments he made under the temporary order, and for half of the expenses he incurred for the care, education and extracurricular activities of his children during the pendency of his first appeal and subsequent remand proceedings. We disagree. Our instructions in *Nyhan* were for the trial court, on remand, to address the narrow issue of whether interest in this case was warranted and, if so, to determine what rate of interest would result in an equitable distribution of the marital assets. *Id.* We did not, as the respondent argues, instruct, or intend for, the trial court to determine, on remand, whether the equities required a redistribution of the marital assets.

Moreover, the respondent in his initial appeal did not challenge the trial court's distribution of the marital assets. Rather, he argued only that the trial court erred in setting a valuation date for certain IRA and 401(k) accounts, awarding the petitioner interest and ruling on the petitioner's untimely post-divorce decree motions. *Id.* at 769. Thus, the trial court's initial distribution of the parties' marital assets was not challenged and any attempted contest now is untimely.

We next address the respondent's argument that the trial court erred in calculating the dollar value of the petitioner's 45% share of the OENE proceeds. Both parties presented expert testimony on this issue during the remand hearings, and the parties' experts agreed that the petitioner's 45% share of the OENE proceeds equaled $4,692,810. The respondent disagreed with the experts, but was unable to provide the trial court with what he believed to be the correct calculation of the petitioner's share of the OENE proceeds.

▮ The trial court, as finder of fact, has the discretion to evaluate witnesses' credibility and may choose to reject their testimony in whole or in part. *Society Hill at Merrimack Condo. Assoc. v. Town of Merrimack*, 139 N.H. 253, 256 (1994). "Credibility of witnesses is a question of fact and we will not overrule the trial court's decision unless the finding is clearly erroneous or unsupported by the evidence." *Id.* Here, the trial court's calculation of the petitioner's 45% of the OENE proceeds was amply

supported by the testimony of two expert witnesses and was not clearly erroneous. Accordingly, we find no error in the trial court's calculation.

■ We now turn to the respondent's argument that the trial court committed an unsustainable exercise of discretion and violated his State and federal due process rights when it declined to hold a hearing before ruling on the petitioner's motion to prohibit further dissipation of assets and for other relief. Assuming, without deciding, that the respondent was entitled to a hearing on the petitioner's motion, our review of the transcripts of the remand hearings reveals that the respondent had ample opportunity to present evidence and argument relative to this motion. Specifically, the transcript of the remand hearing reveals that the trial court heard over 150 pages of testimony from the respondent before ruling on the petitioner's motion, and that the respondent's testimony included detailed discussions of his finances. Accordingly, we find no constitutional violation or unsustainable exercise of discretion.

Finally, we consider the respondent's argument that the trial court erred in ordering him to pay the petitioner $2,600,000 within ten days of the clerk's notice of the December 16 remand order. At the outset, we note that the respondent has not made the payment in compliance with the trial court's order. Thus, we could dismiss the respondent's argument on this issue. *See DeMauro v. DeMauro*, 147 N.H. 478, 482 (2002) (where party consciously and deliberately disregarded trial court order that bears directly on issue for which party seeks relief on appeal, this court may exercise discretion and dismiss). However, in this case we exercise our discretion in favor of addressing the merits of the respondent's argument.

The respondent contends that the trial court erred for two reasons. First, he asserts that the trial court lacked authority under RSA 458:16-a to order him to make the payment notwithstanding his right to appeal. Second, he argues that the trial court failed to act equitably because it did not allow him to be heard on whether liquidating assets to make the ordered payment would compromise his ability to maximize the return on the assets, or whether liquidating the assets would force him to sell his home, thus affecting his ability to continue exercising joint custody of his children.

■ As to the respondent's first argument, we agree that a trial court's authority to divide marital property in the context of divorce proceedings is conferred by statute. *See* RSA 458:16-a. However, that proposition does not end the inquiry, for there is nothing in the statute preventing a trial court from issuing an order such as the one at issue in this case. Rather,

the relevant portion of the statute simply provides that "[w]hen a dissolution of a marriage is decreed, the court may order an equitable division of property between the parties." RSA 458:16-a, II. Here, a decree was issued, amended, appealed and, on remand, amended again requiring the respondent to pay the petitioner $2,600,000 within ten days of the clerk's notice of the order. Accordingly, the trial court was not acting outside the scope of its statutory authority in issuing the order as part of its equitable division of the parties' marital property.

We also conclude that the trial court's order was in accord with our case law relating to property distributions. Generally, a decree issued by the trial court does not go to final judgment if a timely appeal is taken. *Rollins v. Rollins*, 122 N.H. 6, 9 (1982); *see also* SUPER. CT. R. 74. Thus, in the event of a timely appeal, a final decree does not go to judgment and a temporary decree remains in effect. *Rollins*, 122 N.H. at 10. However, it is settled law that

> [a]n appeal to this Court from a *nisi prius* court does not necessarily stay all further proceedings in the trial court, nor does it strip said court of all power over the proceeding in which the appeal has been taken. The trial court may act with reference to matters not relating to the subject matter of, or affecting, the proceedings; *make such orders and decrees as may be necessary for the protection and preservation of the subject matter of the appeal*; and it may do anything that may be necessary for the presentation of the case in this Court, or in furtherance of the appeal. But, when an appeal is taken, it does affect the operation or execution of the order, judgment or decree from which the appeal is taken, and any matters embraced therein. After the appeal has been perfected, this Court is vested with the exclusive power and jurisdiction over the subject matter of the proceedings, and the authority and control of the lower court with reference thereto are suspended.
>
> The general rule stated above does not prohibit the Trial Court from passing on collateral, subsidiary or independent matters affecting the case *and the Trial Court has adequate authority and jurisdiction to preserve the status quo.*

*Rautenberg v. Munnis*, 107 N.H. 446, 447-48 (1966) (quotation and citations omitted; emphasis added). Further, in the context of alimony and child support, we have recognized that the trial court is in the best position

to assess the parties' circumstances during an appeal and to fashion its orders accordingly. *Nicolazzi v. Nicolazzi*, 131 N.H. 694, 696-97 (1989).

We find it appropriate to apply the principles set forth in *Rautenberg* and *Nicolazzi* to the instant case. In doing so, we conclude that the trial court did not err in ordering the respondent to pay the petitioner $2,600,000 within ten days of the clerk's notice of the remand order. The trial court conducted a remand hearing that lasted three days, during which the respondent testified in detail about his current financial situation and admitted to having lost a significant amount of money in the stock market, including funds that had been allocated to the petitioner. Under these circumstances, the trial court, in ordering the respondent to pay the petitioner $2,600,000, was attempting to prevent further dissipation of assets to which it believed the petitioner was entitled; in essence, the trial court's order was an attempt to preserve the status quo by protecting and preserving the funds.

Furthermore, we disagree with the respondent's contention that the trial court failed to act equitably in ordering the respondent to pay the petitioner. To the contrary, after hearing three days of evidence, including direct testimony from the respondent as to his loss of funds that he admitted were, in his mind, allocated to the petitioner, we conclude that the trial court considered the equities and properly concluded that the equities weighed in favor of an immediate transfer of funds to the petitioner.

*Affirmed.*

NADEAU, DALIANIS, DUGGAN and GALWAY, JJ., concurred.