Hillsborough-northern judicial district
No. 2006-348

THE STATE OF NEW HAMPSHIRE

v.

WILLIAM LOONEY

Argued: January 5, 2007
Opinion Issued: February 16, 2007

*Kelly A. Ayotte*, attorney general (*Nicholas Cort*, assistant attorney general, on the memorandum of law and orally), for the State.

*Moir & Brodich, P.A.*, of Concord (*James H. Moir* on the brief and orally), for the defendant.

DALIANIS, J. The defendant, William Looney, appeals the order of the Superior Court (*Brennan*, J.) dismissing his motion to set aside the jury verdict and/or for a new trial as untimely. We affirm.

The following facts are undisputed: The defendant was convicted by a jury of aggravated driving while intoxicated, criminal mischief, disobeying an officer, second-degree assault, first-degree assault, conduct after an accident and reckless conduct on September 15, 2000. *See State v. Looney*, 148 N.H. 656, 656 (2002). He was sentenced on December 19, 2000. After the trial court stayed the running of the appeal period, the defendant appealed his conviction on April 2, 2001. While the appeal was pending, he filed a motion to set aside the verdict and/or demand a new trial, which the trial court dismissed. The defendant did not appeal this dismissal.

We affirmed his conviction in an opinion issued on December 16, 2002. *See id.* The mandate was returned to superior court on January 8, 2003. On December 20, 2004, the defendant again moved to set aside the verdict and/or demand a new trial. Following a hearing, the trial court denied the motion as untimely because it was filed more than three years from the rendition of judgment in his criminal case, which the court defined as either the jury's verdict (September 18, 2000) or the date of the mittimus (December 20, 2000).

On appeal, the defendant argues that the trial court erroneously interpreted the relevant statute, RSA 526:4 (1997), which provides, in pertinent part: "A new trial shall not be granted unless the petition is filed within three years after the rendition of the judgment complained of." He asserts that a judgment is not "rendered" until it is final, which, he argues, means either that the appeal period has expired or, if an appeal has been filed, it has been resolved and the mandate has been returned to the trial court. He contends that because this court did not return the mandate to the superior court until January 8, 2003, he had until January 8, 2006, in which to file a motion for a new trial. Thus, he argues, the motion he filed on December 20, 2004, was timely.

This court is the final arbiter of the intent of the legislature as expressed in the words of a statute considered as a whole. *DaimlerChrysler Corp. v. Victoria*, 153 N.H. 664, 666 (2006). In interpreting a statute, we first look to the language of the statute itself, and, if possible, construe that language according to its plain and ordinary meaning. *Id.* Furthermore,

we interpret statutes in the context of the overall statutory scheme and not in isolation. *Id.*

We have previously construed the phrase "rendition of judgment," as used in RSA 526:4, as follows: "A judgment is rendered where the written decision of the court has been properly filed with the clerk of court, and especially where it has been recorded." *Bricker v. Sceva Speare Hosp.*, 115 N.H. 709, 712 (1975) (quotation and brackets omitted) (hereinafter *Bricker*). At oral argument, the defendant asserted that this construction of the phrase supported his view that a judgment is not "rendered" until it is final. A close reading of *Bricker* reveals that he is mistaken.

Bricker, a physician, brought a bill in equity to enjoin the defendant hospital from enforcing its decision not to reappoint him. *Id.* at 709. The trial court dismissed Bricker's action on May 17, 1971. *Id.* Bricker appealed the dismissal to this court, and, on July 29, 1971, we sustained the trial court's dismissal. *Id.* at 710; *see Bricker v. Sceva Speare Hosp.*, 111 N.H. 276, *cert. denied*, 404 U.S. 995 (1971) (hereinafter *Sceva*). On September 25, 1974, Bricker moved to vacate the May 1971 dismissal of his action. *Bricker*, 115 N.H. at 709. The hospital moved to dismiss Bricker's motion to vacate, arguing that it was untimely under RSA 526:4. *Id.* at 709-10. The trial court agreed, and, ultimately, we did as well. *Id.* at 710, 712.

█ We ruled that judgment was rendered on May 17, 1971, when the superior court dismissed Bricker's equity action. *Id.* at 712. By so ruling, we impliedly distinguished between the date on which a judgment is "rendered" and when it becomes "final." Had we believed that a judgment is "rendered" on the date on which it becomes "final," we would have ruled that the judgment was "rendered" on July 29, 1971, when we decided *Sceva*, or later, when we returned the mandate to the trial court.

This construction of RSA 526:4 is consistent with how the phrase "rendition of judgment" has been interpreted by courts construing similar statutes. *See Jones v. Hubbard*, 740 A.2d 1004, 1008-10 (Md. 1999) (citing cases). As one court has explained:

> A judgment routinely goes through three stages: (1) rendition, (2) signing, and (3) entry. The judgment becomes effective once it is "rendered." A judgment is "rendered" when the matter submitted to [the court] for adjudication is officially announced either orally in open court or by memorandum filed with the clerk. The subsequent reduction of the pronouncement to a writing signed by the court is a ministerial act of the court .... A judgment is "entered" when it is spread upon the minutes of the trial court by a purely ministerial act of the clerk of the court, and "entered" is synonymous with neither "signed" nor

> "rendered" when used in relation to a judgment or the date of the
> judgment.

*In re R.A.H.*, 117 S.W.3d 60, 63 (Tex. App. 2003) (citations omitted), *reversed on other grounds by* 130 S.W.3d 68 (Tex. 2004); *see also* 46 AM. JUR. 2D *Judgments* §§ 56, 60 (2006). In the context of a criminal case, a judgment is "rendered" when the sentence has been imposed by the trial court. *Summerville v. Warden, State Prison*, 641 A.2d 1356, 1371 (Conn. 1994).

■ In this case, the trial court sentenced the defendant to state prison on December 19, 2000. He filed his motion for a new trial more than three years later, on December 20, 2004. His motion was therefore untimely and the trial court aptly dismissed it under RSA 526:4.

The defendant argues that affirming the trial court's decision results in a "true travesty of justice." He observes that while his appeal was pending and the three-year period had not yet elapsed, he moved for a new trial, and the trial court dismissed his motion on the ground that it lacked jurisdiction. He argues that, once this occurred, he had "no choice but to wait until such time as the Supreme Court appeal was decided before he could re-file the motion."

Even if we assume, arguendo, that the defendant had "no choice" but to wait until the mandate was returned before moving again for a new trial, we observe that he waited an additional twelve months before filing the motion. The mandate was returned to the trial court on January 8, 2003. Had the defendant filed his motion on or before December 19, 2003, it would have been timely. Instead, he did not file it until December 20, 2004.

Moreover, contrary to his assertions, the defendant had other choices, which he failed to pursue. For instance, although the trial court lacks jurisdiction to decide certain issues while an appeal is pending, it retains jurisdiction to decide other issues. *See In the Matter of Nyhan & Nyhan*, 151 N.H. 739, 745 (2005). "After the appeal has been perfected, this Court is vested with the exclusive power and jurisdiction over the subject matter of the proceedings . . . [;] [this] general rule . . . does not prohibit the Trial Court from passing on collateral, subsidiary or independent matters affecting the case." *Id.* (quotation omitted); *see also State v. Gubitosi*, 153 N.H. 79, 81 (2005) ("Bail pending appeal is an independent matter and thus falls within this exception to the general rule" that "the perfection of an appeal divests the Trial Court of jurisdiction of the cause and transfers it to the appellate court." (quotation omitted)).

■ Accordingly, to the extent that the defendant's motion for new trial raised collateral, subsidiary or independent matters, the trial court may

have erred when it dismissed it for lack of jurisdiction, and the defendant could have appealed the dismissal. To the extent that the motion did not raise collateral, subsidiary or independent matters, he could have asked this court to remand the case, in whole or in part, to the superior court so that it could decide the motion for new trial. *See State v. Bader*, 148 N.H. 265, 267 (2002), *cert. denied*, 530 U.S. 1014 (2003).

*Affirmed.*

BRODERICK, C.J., and GALWAY and HICKS, JJ., concurred.