NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by E-mail at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Strafford
No. 2014-309

THE STATE OF NEW HAMPSHIRE

v.

MATTHEW L. TSOPAS

Submitted: July 10, 2014
Opinion Issued: August 6, 2014

Joseph A. Foster, attorney general (Elizabeth C. Woodcock, assistant attorney general, on the memorandum of law), for the State.

Harry N. Starbranch, Jr., of Portsmouth, on the memorandum of law, for the defendant.

DALIANIS, C.J. The defendant, Matthew L. Tsopas, appeals an order of the Superior Court (Tucker, J.) denying his third motion to modify bail. See RSA 597:6-e, II (2001). The defendant contends that the trial court erred by: (1) failing to conduct a hearing on the motion or issue written findings of fact pursuant to RSA 597:6-e, II; and (2) unsustainably exercising its discretion by setting an "unreasonably high cash only bail." We affirm.

The record establishes the following facts. The defendant faces multiple felony and misdemeanor charges arising out of a single alleged drunk driving incident. The district division set bail initially at $250,000 cash with conditions, but subsequently reduced it to $75,000 cash with conditions. The State asserts, and the defendant does not contest, that this reduction was in response to the defendant's request and over the State's objection.

On August 13, 2013, the defendant filed a motion in the superior court to modify bail, and the court held a hearing. On August 20, 2013, the superior court ordered "[b]ail to remain as set by the District Court on 7/31/13." On November 18, 2013, the defendant filed a second motion in superior court to modify bail, and, on November 22, 2013, the superior court held another hearing, after which the court ordered "[n]o change in bail." The defendant has not supplied transcripts from either of those hearings.

On April 16, 2014, the defendant filed a third motion for bail review. Although the defendant requested a hearing, he did not request that the court make specific findings. The State objected, and the court denied the motion, without holding a hearing, stating: "After review of the motion, supporting documents, and the State's objection, I am not persuaded that the present bail is inappropriately high." The defendant appeals this order.

The defendant argues that RSA 597:6-e, II required the superior court to hold a hearing and make written findings of fact on his third motion for bail review. Because resolution of this issue involves statutory interpretation, our review is de novo. State v. Thompson, 164 N.H. 447, 448 (2012). In matters of statutory interpretation, we are the final arbiters of legislative intent as expressed in the words of the statute considered as a whole. Id. When examining the language of the statute, we ascribe the plain and ordinary meaning to the words used. Id.

RSA 597:6-e, II provides, in pertinent part:

The person [subject to bail] . . . may file with the superior court a motion for . . . amendment of the conditions of release set by . . . [the] district [division] . . . . In cases where a district [division] justice has made a finding, pursuant to RSA 597:2, III-a that the person poses a danger to another, the superior court shall . . . conduct a hearing and make written findings supporting any modifications and reasons for new conditions or changes from the district [division] order.

At the outset, we assume, without deciding, that RSA 597:6-e (2001 & Supp. 2013) authorizes defendants to file successive motions for bail modification.

2

However, RSA 597:6-e, II, by its express terms, requires that the superior court hold a hearing and make written findings only when the district division has found pursuant to RSA 597:2, III-a (2001), that the defendant "poses a danger to another." In this case, the district division did not make a finding that the defendant posed such a danger. Therefore, the requirements of a hearing and written findings under RSA 597:6-e, II did not apply to the defendant's motion. State v. Poulicakos, 131 N.H. 709 (1989), and State v. Hall, 131 N.H. 634 (1989), upon which the defendant relies, were decided under a different statute that is no longer in effect. See RSA 597:6-a, VII (Supp. 1988) (repealed 1989).

In the absence of a statutory mandate, the superior court has discretion to determine whether a hearing is necessary. See Super. Ct. Crim. R. 58, 115. To obtain a hearing, the party seeking it must articulate why a hearing would assist the court. See In re Erik M., 146 N.H. 508, 511 (2001) (stating no hearing required in superior court on acceptance of certification and transfer from district court where defendant did not set forth reasons why hearing would assist court). We review the court's determination not to hold a hearing under our unsustainable exercise of discretion standard. State v. McGurk, 163 N.H. 584, 587 (2012). To show that the trial court's decision is not sustainable, the defendant must demonstrate that the court's ruling was clearly untenable or unreasonable to the prejudice of his case. State v. Lambert, 147 N.H. 295, 296 (2001). In this case, the defendant argues only that RSA 597:6-e, II entitled him to a hearing, which it does not. Therefore, he has not demonstrated that the court unsustainably exercised its discretion by denying him a hearing.

To the extent that the defendant contends that RSA 597:2, II (Supp. 2013) requires the superior court to make specific findings in these circumstances, he has not provided us with a record that demonstrates that he preserved this argument for our review, nor did he include the question in his notice of appeal. See State v. Noucas, 165 N.H. 146, 152 (2013); State v. Eschenbrenner, 164 N.H. 532, 543 (2013). In addition, he does not develop this argument. Therefore, we decline to address it. See State v. Blackmer, 149 N.H. 47, 49 (2003).

Finally, we address the defendant's contention that the trial court unsustainably exercised its discretion in refusing to reduce his bail from $75,000 cash, with conditions, to $25,000 cash or corporate surety, with conditions, because "there is no legitimate concern [he] will fail to appear," and his substance abuse evaluation "standing alone outlines the combination of conditions which would en[s]ure the safety of the community." We review the superior court's decision on a motion to modify bail under our unsustainable exercise of discretion standard. See Moses v. Helgemoe, 115 N.H. 672, 672 (1975). After considering the defendant's arguments and supporting

documents, including the evaluation, the superior court concluded that his bail, as set, was not "inappropriately high." On this record, we cannot say that the court unsustainably exercised its discretion reaching this conclusion.

Affirmed.

HICKS, CONBOY, LYNN, and BASSETT, JJ., concurred.