**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2016-0596, <u>Sanjeev Lath v. Scott Sample</u>, the court on April 7, 2017, issued the following order:**

Having considered the brief, memorandum of law, and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See Sup. Ct. R.</u> 18(1). The plaintiff, Sanjeev Lath, appeals an order recommended by a judicial referee (<u>Kent</u>, R.), and approved by the Circuit Court (<u>Lyons</u>, J.) denying his motion to vacate the court's 2016 judgment entered in favor of the defendant, Scott Sample, the maintenance manager of his condominium association. We affirm.

In his original small claims action, the plaintiff sought the return of a $30 fee that he had paid the defendant to unlock his unit after business hours. Following a bench trial, the trial court found for the defendant based upon evidence that: (1) the condominium association's written policy governing after-hours "lock outs" provided that "**[t]here is a $30 charge payable immediately to the person called out after hours**" to unlock the unit; (2) the longstanding practice was that the maintenance employee called after hours to unlock the unit would keep the $30 charge as compensation; and (3) the condominium association's board of directors was aware of, and approved, this practice. The trial court ruled: "The rules make it clear that the fee is due but it is ambiguous as to who keeps the fee. Since the evidence demonstrates that the Board sanctions the fee that ambiguity is resolved in favor of the defendant." According to the trial court, "The Plaintiff's cause of action is administrative with the Board or with the association to change the rule."

The plaintiff unsuccessfully appealed the trial court's judgment. <u>See Lath v. Sample</u>, No. 2016-0217, 2016 WL 6472580 (N.H. Sept. 15, 2016). Thereafter, he filed a motion to vacate the judgment on the ground of fraud. He argued that the judgment was fraudulently obtained because: (1) he lacked a copy of the defendant's employment contract when he brought his original small claims action; and (2) the defendant "failed to testify to the existence of an employment contract, or reimbursement of mileage or remuneration for on-call days, which are explicit covenants in his employment contract."

The trial court denied the plaintiff's motion based upon its determination that the plaintiff had not demonstrated a "basis to disturb the [court's] original finding." On appeal, the plaintiff contends that the judgment was fraudulently obtained because the defendant failed to disclose his employment contract with the condominium association. The plaintiff asserts that, pursuant to that

contract, the defendant receives $35 per week "for each week he is on call." (Quotation omitted.) He contends, therefore, that the defendant's retention of the $30 from the plaintiff violated that contract. The plaintiff also argues that he has standing to argue that the defendant breached his employment contract with the association because the plaintiff is an association "shareholder." In addition, the plaintiff raises numerous arguments purporting to challenge the trial court's original judgment in favor of the defendant.

Although the trial court may vacate a judgment for fraud, see In re Irene W., 121 N.H. 123, 126 (1981), we have held that the alleged fraud "must lead to the conclusion that the process of justice was thwarted or perverted by creating apparent jurisdiction over the matter when none existed, or that the plaintiff was prevented from contesting the issues involved," Bricker v. Sceva Speare Hosp., 115 N.H. 709, 711 (1975). Here, the plaintiff's allegations pertain to matters that were, or could have been, explored at the original bench trial. See id. "The present motion is simply a continuation of the same dispute which the original trial was supposed to resolve." Id. "To reopen a case just because a party persists in asserting and attempting to prove that his version of the dispute was the truth and that of the opponent was false would keep the dispute going without end." Id. Under these circumstances, we agree with the trial court that the plaintiff has failed to demonstrate a basis to disturb the original judgment. See id. at 711-12.

We have reviewed the plaintiff's remaining arguments and conclude that they do not warrant further discussion. See Vogel v. Vogel, 137 N.H. 321, 322 (1993).

Affirmed.

Dalianis, C.J., and Hicks, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,
Clerk**

2