# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2019-0155, <u>Weston J. Stow v. New Hampshire Department of Corrections & a.</u>, the court on September 13, 2019, issued the following order:**

Having considered the briefs, memorandum of law, and record submitted on appeal, we conclude that oral argument is unnecessary in this case.  <u>See</u> <u>Sup. Ct. R.</u> 18(1).  We affirm.

The plaintiff, Weston J. Stow, appeals orders of the Superior Court (<u>Tucker</u>, J.) denying: (1) his motion requesting the court to report the defendants' counsel for professional misconduct that allegedly occurred during litigation between the parties; (2) his motion for a hearing on allegations of "obstruction of justice"; and (3) his motion to reconsider these rulings.  We construe his brief to argue that the trial court erred in concluding that the plaintiff's allegations did not constitute misconduct, and that the trial court committed an unsustainable exercise of discretion by refusing to grant the plaintiff a hearing on the misconduct allegations and denying his motion to reconsider without setting forth specific written findings.  The plaintiff also argues, for the first time on appeal, that the trial court violated the New Hampshire Rules of Judicial Conduct by failing to report defense counsel's misconduct.

The plaintiff initiated this action by filing a complaint in the trial court against the New Hampshire Department of Corrections, the Division of State Police, and several of these agencies' employees, alleging violations of New Hampshire's Right-to-Know Law.  <u>See</u> RSA ch. 91-A (2013 & Supp. 2018).  According to the plaintiff's amended complaint, the plaintiff received a letter from defendant James Decker, who was the State Police liaison to the Department of Corrections, explaining that he is "expressly forbidden by policy to initiate an investigation into a Department of Corrections employee" without a directive from the attorney general.  After the plaintiff requested a copy of this policy, the State Police provided him with a memorandum, which, he alleged, did not contain the policy to which Decker had referred.  Based upon this response, the plaintiff's amended complaint alleged that the State Police "failed to fulfill" his request.

In moving to dismiss this particular claim, the defendants' written motion characterized the plaintiff's claim as alleging that the State Police "failed to respond" to his request for the policy.  They argued that the memorandum

provided to the plaintiff was sufficient to satisfy his request, explaining that it "outlines the relationship between the New Hampshire State Police and the [DOC], and indicates how criminal investigations at [DOC] facilities shall be handled." The motion indicates that the defendants had attached this memorandum to their motion, but the memorandum does not appear in the record before us. These two statements — the defendants' description of the plaintiff's claim and their assertions relating to the memorandum — served as the bases for the plaintiff's misconduct allegations, in which he alleged that defense counsel intentionally misrepresented the allegation in his complaint and the State Police's response to his request.

In denying his motion to report the alleged misconduct, the trial court concluded that defense counsel's statement regarding the plaintiff's allegation was merely "a matter of characterizing the allegation and not a misstatement of the plaintiff's position." Further, the trial court noted that there was "a thin distinction between what the Division provided and what the plaintiff sought," and thus, the defendants' position that it complied with the request was not unreasonable.

We agree with the trial court. The Rules of Professional Conduct prohibit attorneys from knowingly making "false statements of material fact to a tribunal," N.H. R. Prof. Conduct 3.3(a)(1), or engaging "in conduct involving dishonesty, deceit and misrepresentation," N.H. R. Prof. Conduct 8.4(c). The mere act of rephrasing a single word in the plaintiff's allegations with a word that has a similar meaning in the context of the Right-to-Know Law does not constitute a false statement under these circumstances. See RSA 91-A:4, IV (Supp. 2018).

Further, the defendants' assertions regarding the memorandum are part of a good-faith legal argument — that the defendants met the requirements of the Right-to-Know Law — based upon the plaintiff's allegation and the contents of the memorandum referenced in his amended complaint. See RSA 91-A:4, IV. Because we do not have the memorandum before us, we defer to the trial court's factual findings and conclusions regarding the nature of the memorandum and the policy the plaintiff sought. See Bean v. Red Oak Prop. Mgmt., Inc., 151 N.H. 248, 250 (2004) (explaining that, in the absence of a sufficient record to decide the issues on appeal, "we must assume that the evidence was sufficient to support the result reached by the trial court"). Accordingly, the defendants' assertions do not give rise to a violation of the Rules of Professional Conduct, and, therefore, the trial court did not err in denying the plaintiff's motion.

In the same order, the trial court denied the plaintiff's motion requesting a hearing on defense counsel's "obstruction of justice," which was based upon the same allegations set forth in the plaintiff's motion to report misconduct.

2

"In the absence of a statutory mandate, the superior court has discretion to determine whether a hearing is necessary." State v. Tsopas, 166 N.H. 528, 530 (2014); see Super. Ct. R. 13(b). "To obtain a hearing, the party seeking it must articulate why a hearing would assist the court." Id.; Super. Ct. R. 13(b). Because the trial court correctly concluded that the plaintiff's allegations failed to articulate professional misconduct, we see no reason why a hearing would have assisted the trial court in deciding this matter. Therefore, the trial court did not commit an unsustainable exercise of discretion in denying his motion for a hearing on those allegations.

The plaintiff also argues that the trial court committed an unsustainable exercise of discretion when it denied these motions and his motion to reconsider without making written findings of fact and conclusions of law. To the contrary, the trial court set forth, in writing, its reasoning for denying the plaintiff's motion to report misconduct. Even though the trial court summarily denied his motion for a hearing on the alleged misconduct, the trial court did not need to explain its reasoning given that the plaintiff's request was based upon the same misconduct he alleged in his motion to report.

As to the trial court's summary denial of the plaintiff's motion to reconsider, the plaintiff does not identify on appeal any points of law or fact that the trial court overlooked or misapprehended in denying his motion to report misconduct and his motion for a hearing. Broom v. Continental Cas. Co., 152 N.H. 749, 752 (2005) ("A motion for reconsideration allows a party to present points of law or fact that a court has overlooked or misapprehended."). Thus, the plaintiff provides no basis that would necessitate our review of written findings and rulings found by the trial court in its denial of his motion to reconsider. See Geiss v. Bourassa, 140 N.H. 629, 632 (1996) (explaining that the purpose of written findings and rulings is to provide a basis upon which this court may review the trial court's decision). Accordingly, the trial court did not commit an unsustainable exercise of discretion when it denied the plaintiff's motion to reconsider without making written findings or rulings. Broom, 152 N.H. at 752 ("We will uphold a trial court's decision on a motion for reconsideration absent an unsustainable exercise of discretion.").

Finally, the plaintiff argues for the first time on appeal that the trial court violated the New Hampshire Rules of Judicial Conduct by failing to report defense counsel's misconduct. See Sup. Ct. R. 38, Canon 2, R. 2.15(B). Even assuming the plaintiff has properly raised this claim, but see State v. Blackmer, 149 N.H. 47, 48 (2003) (supreme court will not review any issue not raised before trial court); Sup. Ct. R. 38, Scope, par. 7 (Code of Judicial Conduct not intended to be basis for litigants to seek collateral remedies against each other or to obtain tactical advantages in proceedings before a

3

court), we find his argument unpersuasive given our conclusion that the trial court did not err in finding that defense counsel did not engage in misconduct.

Affirmed.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,**
**Clerk**