# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2019-0528, <u>State of New Hampshire v. Scott Traudt</u>, the court on January 26, 2021, issued the following order:**

Having considered the briefs and oral arguments of the parties, the court concludes that a formal written opinion is unnecessary in this case. The defendant, Scott Traudt, appeals an order of the Superior Court (<u>Bornstein</u>, J.) denying his motion for a new trial based on the State's failure to provide him favorable evidence in violation of his due process rights under the State and Federal Constitutions. We affirm.

The following facts are supported by the record or are otherwise undisputed. In 2007, a grand jury indicted the defendant on two counts of simple assault of a police officer and the Grafton County Attorney charged him by information with one count of disorderly conduct. <u>See</u> RSA 631:2-a, I (2016); RSA 651:6, I(g) (2016); RSA 644:2, II(d) (2016). Those charges arose out of a physical altercation between the defendant and two police officers that occurred during a traffic stop. At trial, both the defendant and the officers, whom he was charged with assaulting, testified. In closing, defense counsel emphasized that the jury should weigh the credibility of the witnesses equally, without respect to whether the witness was a law enforcement officer, and described the officers' version of events as a "fabricated scenario." The State responded in its closing, highlighting the credibility of the officers by representing that there had been "absolutely no evidence of any kind of a disciplinary mark . . . [or] any former complaint" regarding either of the officers. The jury acquitted the defendant on one of the simple assault charges and convicted him on the other two charges. On January 27, 2009, the trial court sentenced the defendant to one to three years of imprisonment and a fine.

Following his conviction, the defendant engaged in vigorous and protracted post-conviction litigation — at times representing himself and at times represented by counsel. Between 2008 and 2009, he filed four motions seeking either to set aside the verdict or for a new trial on various grounds, including newly discovered evidence and ineffective assistance of counsel; he prevailed on none. He then filed a direct appeal, and we affirmed his convictions. <u>See</u> <u>State v. Traudt</u>, No. 2009-0150, at 1 (N.H. Feb. 4, 2010). While that appeal was pending, the defendant filed three additional motions for a new trial in the trial court that were unsuccessful. In May 2011, the defendant filed another motion for a new trial based on ineffective assistance of counsel, which the trial court denied. We then accepted the defendant's

discretionary appeal of that order and affirmed the trial court. See State v. Traudt, No. 2011-0591, 2012 WL 12830664, at *2-3 (N.H. May 17, 2012).

Meanwhile, the defendant also pursued relief in federal court. In 2010, he filed a civil suit against the two officers he was charged with assaulting, asserting violations of his federal constitutional rights. See Traudt v. Roberts, No. 10-CV-12-JL, 2013 WL 3754862, at *1 (D.N.H. July 15, 2013). That litigation was ultimately resolved by the grant of summary judgment in the officers' favor in July 2013. Id. at *2, 16. At approximately the same time, the defendant unsuccessfully sought federal habeas relief. See Traudt v. N.H. Att'y Gen., No. 13-CV-234-PB, 2013 WL 4119198, at *1-2 (D.N.H. Aug. 13, 2013).

Six years later, in July 2019, the defendant, represented by counsel, filed the motion for a new trial that gives rise to this appeal. He argued in the trial court that his conviction should be vacated and he should receive a new trial because the State failed to disclose certain exculpatory evidence to him before trial, violating his due process rights under Part I, Article 15 of the State Constitution and the Fourteenth Amendment to the United States Constitution. Specifically, he represented that, in the context of his federal civil suit, the officers filed two partially redacted affidavits, which the defendant claimed reveal that the State failed to disclose evidence that — contrary to the State's representations in its closing — one of the officers did indeed have prior disciplinary history. He argued that the State's failure to disclose evidence of this disciplinary history, combined with its closing argument, left the jury with a false impression of the officers' credibility and deprived him of a fair trial.

The trial court denied the motion. It also denied the defendant's motion to reconsider, noting that he had filed the motion for a new trial "more than ten years after he was sentenced . . . and more than six years after he obtained the evidence on which he bases his motion." This appeal followed.

On appeal, the defendant argues that the trial court erred when it denied his motion for a new trial because the undisclosed evidence regarding the officer's disciplinary history was favorable, material, and knowingly withheld by the State. See State v. Shepherd, 159 N.H. 163, 170-71 (2009) (outlining framework for analyzing due process claim based on undisclosed evidence). The State counters that we should affirm because the defendant's motion for a new trial was untimely under the three-year limitation period set forth in RSA 526:4 (2007). We agree with the State.

As a threshold matter, the defendant argues that the State's timeliness argument is not preserved for our review. We assume without deciding that the defendant is correct. Nonetheless, we elect to address the issue on appeal because preservation is a limitation upon the parties to an appeal, not upon the reviewing court, and because the issue presents a discrete question of

statutory interpretation, requiring no further factual development.  See State v. Kardonsky, 169 N.H. 150, 152 (2016).

Determining whether the defendant's motion for a new trial was timely under RSA 526:4 requires us to engage in statutory interpretation.  "In matters of statutory interpretation, we are the final arbiter of the intent of the legislature as expressed by the words of the statute considered as a whole." Rogers v. Rogers, 171 N.H. 738, 743 (2019).  We first examine the statutory language, and, where possible, we ascribe the plain and ordinary meanings to the words used.  Kardonsky, 169 N.H. at 152.  We interpret legislative intent from the statute as written and will not consider what the legislature might have said or add language that the legislature did not see fit to include.  Id.

RSA 526:1 authorizes a trial court to grant a new trial "when through accident, mistake or misfortune justice has not been done and a further hearing would be equitable."  RSA 526:1 (2007).  But that discretion is not unlimited: the court may not grant a new trial unless the motion "is filed within three years after the rendition of the judgment complained of, or the failure of the suit."  RSA 526:4.

We have previously interpreted the meaning of "rendition of the judgment" and "failure of the suit" in the context of RSA 526:4.  See State v. Looney, 154 N.H. 801, 802-04 (2007); Bricker v. Sceva Speare Hosp., 115 N.H. 709, 712 (1975).  In Bricker, we explained that a judgment is rendered when the court files its decision with the clerk of court, and that "failure of the suit" means when the "action is terminated otherwise than by the rendition of a judgment."  Bricker, 115 N.H. at 712.  We later clarified in Looney that, in the context of a criminal case, "a judgment is 'rendered' when the sentence has been imposed by the trial court."  Looney, 154 N.H. at 804.  Here, the criminal prosecution of the defendant was terminated by rendition of the judgment when the court sentenced the defendant on January 27, 2009, making that the date upon which the three-year limitation period began to run.  See id.  The defendant did not file the instant motion for a new trial until 2019 — over ten years after his sentencing.  He, therefore, failed to file the motion within three years after the rendition of the judgment as required by RSA 526:4.

We are not persuaded by the defendant's arguments to the contrary.  At oral argument, the defendant asserted that the time limitation imposed by RSA 526:4 does not apply to his motion because his request for a new trial alleged a constitutional violation and was premised on alleged misconduct by the State. But the reach of the new trial statute, RSA chapter 526 (2007), is not so limited: it applies to motions for a new trial claiming that "through accident, mistake or misfortune justice has not been done and a further hearing would be equitable."  RSA 526:1.  The defendant's motion, asserting a violation of his due process rights occasioned by the State's failure to disclose exculpatory evidence, falls within the statute's ambit.

The defendant also argues that, if RSA 526:4 applies to his motion, the three-year limitation period should not begin to run until "the moment the State cease[s] shirking its obligation to provide [the defendant] with exculpatory evidence." The defendant acknowledges that he became aware of the possible existence of exculpatory evidence by way of the partially redacted affidavits filed in his civil suit in 2013. Nevertheless, he contends that the start of the three-year period has "yet to come" because the State has yet to either: (1) disclose unredacted copies of the affidavits; or (2) affirm that, after reviewing the unredacted affidavits, they do not contradict the State's assertion at trial that the officers had no prior disciplinary history. We are not persuaded. The language of RSA 526:4 is clear and unambiguous: a motion for a new trial must be "filed within three years after the rendition of the judgment complained of, or the failure of suit." RSA 526:4. The statute provides no exceptions or tolling provisions.[1] See id. This interpretation is consistent with the purpose of RSA 526:4, which "is to put an end to litigation." Bricker, 115 N.H. at 712; see also Perez v. Pike Inds., 153 N.H. 158, 160 (2005) (observing that one of the principal purposes of a statute of limitations is "to eliminate stale or fraudulent claims" (quotation omitted)).

The defendant next argues that the trial court erred when it did not hold a hearing on his motion for a new trial, which prevented him from "mak[ing] a record on the issue." We disagree. In the absence of a statutory mandate, the superior court generally has discretion to determine whether a hearing is necessary. State v. Tsopas, 166 N.H. 528, 530 (2014); cf. Super. Ct. Civ. R. 13(b). Although the New Hampshire Rules of Criminal Procedure require the superior court to hold a hearing on certain petitions and motions, see, e.g., N.H. R. Crim. P. 31(d) (petition for annulment), 15(b)(2) (motion to suppress), no rule requires the court to hold a hearing on a motion for a new trial. Unless a hearing is mandated by statute or court rule, to obtain a hearing, the party seeking it must articulate why a hearing would assist the court. Tsopas, 166 N.H. at 530. We review the court's determination not to hold a hearing under our unsustainable exercise of discretion standard. Id. To meet this standard, the defendant must demonstrate that the court's ruling was clearly untenable or unreasonable to the prejudice of his case. Id.

Here, the defendant has not identified any statute or court rule granting him the right to a hearing and there is no such provision in the Rules of Criminal Procedure or in RSA chapter 526, which govern motions for a new trial. See RSA ch. 526. Further, neither the defendant's motion for a new trial nor his motion to reconsider articulated reasons why a hearing would assist the court. We, therefore, conclude that the trial court did not unsustainably exercise its discretion when it denied the defendant's request for a hearing. See In re Erik M., 146 N.H. 508, 511 (2001) (affirming trial court's refusal to

---

[1] Given the procedural history of this case, we need not address whether the discovery rule applies. See RSA 508:4, I (2010).

4

hold hearing where defendant failed to set forth any reason why a hearing would assist the court).

Finally, the defendant asserts that the trial court erred when it failed to treat his motion for a new trial as a petition for a writ of coram nobis and that we should remand to the trial court with instructions that it construe the motion as such.  We disagree.  The defendant filed the instant motion in the trial court with the benefit of counsel.  That motion was titled "Motion For New Trial" and relied heavily on State v. Dewitt, 143 N.H. 24, 32-33 (1998), which involved the appeal of a denial of a motion for a new trial.  Further, neither the defendant's motion, nor his motion to reconsider, mentioned coram nobis relief.  Under these circumstances, we cannot conclude that the trial court erred when it construed the defendant's pleading as a motion for a new trial, rather than as a petition for a writ of coram nobis.  Nor are we inclined, as the defendant suggested at oral argument, to exercise our discretion and reframe the defendant's appeal as one seeking coram nobis relief.  Cf. Hart v. Warden, N.H. State Prison, 171 N.H. 709, 715-16 (2019) (construing petitioner's petition for writ of habeas corpus as one for writ of coram nobis based, in part, on unique procedural posture of appeal).

We conclude that the defendant's motion for a new trial was untimely filed under RSA 526:4, and, therefore, affirm the trial court's denial of his motion.  Given this conclusion, we need not reach the defendant's other arguments.  See Gosselin v. N.H. Dep't of Corrections, 153 N.H. 696, 700 (2006).

Affirmed.


HICKS, BASSETT, HANTZ MARCONI, and DONOVAN, JJ., concurred.

**Timothy A. Gudas,
Clerk**